THE PEOPLE OF THE VIRGIN ISLANDS,
Plaintiff

v.

PASCUAL RIOS LEDESMA, Defendant

Criminal No. 36 - 1951

District Court of the Virgin Islands

Div. of St. Croix at Christiansted

September 24, 1952

ALMERIC L. CHRISTIAN, Esq., *for defendant*

MOORE, *Judge*

The facts of the case are clear and need not be restated here. We have before us only a question of law raised on a plea of former jeopardy.

Defendant, by his attorney, Almeric L. Christian, Esquire, claims that he has been in former jeopardy for the offense of which he is now charged by the People of the Virgin Islands. His petition is that when he was tried, and acquitted, in the case of the United States

of America v. Pascual Rios Ledesma, he was charged and tried for the same offense for which The People of the Virgin Islands now charge him.

Defendant bases his claim of autrefois acquit on the following points:

(1) That the two informations charge the same offense within the purview of the double jeopardy provisions;

(2) That the first information alleged a "scheme," and where the prosecution elects to treat a series of acts as one single crime, prosecution for any part of the scheme bars a subsequent prosecution for the whole or any part thereof; and

(3) That the Virgin Islands, being an unincorporated territory, derives its power from the United States and, therefore, may not prosecute separately under its laws for the same offense.

The Court has carefully considered the questions raised by the defendant, as well as the briefs by both sides.

■ It is the opinion of the Court that while the first information alleges a "scheme," as introductory to the specific charges of the crimes, it specifically charges four offenses. Each of the four counts of the information charged the defendant with separate acts of extortions on four specific dates. The second information now before us charges him with a fifth act of extortion, an act for which he could not have been indicted or convicted in the case brought by the United States.

In the information in the case of the United States, the charges were laid under Title 18, sec. 876, of the United States Code for the illegal use of the United States mail. In the case at bar, the information charges the defendant with another and different offense under the Code (1921) of the Municipality of St. Croix, Title IV,

248

ch. 10, sec. 42 (14 V.I.C. §§ 704, 705), one specifically not charged in either of the four counts of the first information, and one which is not even a crime against the United States.

The fact that under both statutes the offenses carry the same designation of "extortion" is of no significance. The term "same offense" does not signify the same offense, eo nomine, but means the same criminal act. A single act may be an offense against two statutes, but if one requires proof of an additional or different fact, such as the use of the United States mail, which the other does not, an acquittal or conviction under one does not exempt accused from prosecution or punishment under the other. See 22 C.J.S., Criminal Law, secs. 278, 285; and 15 Am. Jur., Criminal Law, sec. 380.

As to the point raised by defendant that the allegation of a scheme in the first information bars a subsequent trial for any act which was a part of said scheme as alleged by the United States District Attorney, it is the opinion of the Court that defendant was never charged with "one continuing act of extortion" as claimed by defendant, but that the allegation of a "scheme" was merely introductory to each of four specific charges of extortion under federal law in the first information. The present information charges him with a fifth offense of extortion which did not involve the use of the United States mail and is punishable only under local law.

The Court is also of the opinion that the use of the fifth letter as evidence in the first trial did not and could not in any way add to or vary the counts of that information. Despite the fact that the jury had knowledge of this letter, which was introduced by the government for the purpose of corroboration, the jury could not have found defendant guilty of writing this letter of August seventh since they did not have this charge

before them in any of the four counts in that information. As another court points out in United States v. Brimsdon, 23 F. Supp. 510: "One cannot be put in jeopardy on account of an offense with which he is not charged, whether or not the evidence in the case tends to prove that he is also guilty of other offenses."

■ Since the defendant could not have been convicted or acquitted under the first information of the offense with which he is now charged, the defendant was never in previous jeopardy for this offense.

With regard to the defendant's third point that the Virgin Islands cannot prosecute separately under its own laws for the same offense for which the United States has already prosecuted, since the Court is of the opinion that the offenses are not the same, this question need not be considered. It seems clear here that the five crimes of extortion with which the defendant was charged, consist of five separate acts of extortion committed on five separate dates, four of which were laid in the four counts of the first information under federal law, and the fifth was laid in the present information under local law. There is no sameness of acts or offenses as between the two jurisdictions.

It is, therefore, the opinion of the Court that the defendant's plea of double jeopardy is not well founded, and defendant's motion to dismiss is denied.