## UNITED STATES v. BRIMSDON et al.

### No. 14058.

District Court, W. D. Missouri, W. D.

May 3, 1938.

Maurice Milligan, Randall Wilson, and Sam Blair, all of Kansas City, Mo., for the United States.

Price Wickersham, of Kansas City, Mo., and Bruce Barnett, of Joplin, Mo., for defendant Frances Ryan.

OTIS, District Judge.

The plea in abatement is bottomed on three grounds. The first and second do not call for discussion since each of them has been held by the United States Circuit

Court of Appeals to be devoid of merit. The third ground presents a plea of former jeopardy and autrefois convict.

The defendant Ryan was convicted in this court in case No. 13,754 on March 2, 1938, United States v. Buck, 23 F.Supp. 503, and was sentenced to imprisonment on that conviction on March 10, 1938. The indictment in that case and the indictment in the present case (No. 14,058) both allege conspiracies prohibited by Section 51 of title 18, U.S.C.A. reading—

"If two or more persons conspire to injure [or] oppress * * * any citizen in the free exercise and enjoyment of any right or privilege secured to him by the Constitution or laws of the United States, * * * they shall be fined not more than $5,000 and imprisoned not more than ten years * * *."

The indictment in case No. 13,754 charged that Frances Ryan and other named defendants conspired with each other and "with divers other persons to the grand jurors unknown" to injure and oppress divers citizens of the United States who were voters in the Fifteenth Precinct of the Twelfth Ward in Kansas City, Jackson County, Missouri, in the free exercise and enjoyment of their right and privilege to vote for a candidate for Congress at the general election of November 3, 1936.

The indictment in the present case (No. 14,058) charges that Frances Ryan and other named defendants (but none of the other defendants is identical with other defendants in case No. 13,754) conspired with each other and "with divers other persons to the grand jurors unknown" to injure and oppress citizens of the United States who were voters in the Fifth Precinct of the Twelfth Ward of Kansas City, Jackson County, Missouri, in the free exercise and enjoyment of their right and privilege to vote for a candidate for Congress at the general election of November 3, 1936.

 If Mrs. Ryan will be put in jeopardy a second time for the same offense in the event she is tried in the present case, it must be because the offense charged in the indictment here is identical with the offense charged in the indictment in case No. 13,754 (or because the offense charged here is a part of the offense charged in the earlier indictment and not a separate and distinct offense). But these indict-ments on their faces show that they charge separate and distinct offenses and that there is no possibility whatever that the same offense is charged in the two indictments. Voters in the Fifteenth Precinct of the Twelfth Ward are as distinct from voters in the Fifth Precinct of the Twelfth Ward as John Doe is distinct from Richard Roe. The situation is exactly the same as it would be if the indictment in 13,754 charged that Frances Ryan conspired with A and B to injure John Doe in the free exercise and enjoyment of the right and privilege of voting for a candidate for Congress and the indictment in this case charged that Frances Ryan had conspired with D and E to injure Richard Roe in the free exercise and enjoyment of the right and privilege of voting for a candidate for Congress. The two indictments could be held to charge the same offense only if it was shown by parol evidence that John Doe and Richard Roe were one and the same person. There is no suggestion that the voters in the Fifteenth Precinct of the Twelfth Ward and those in the Fifth Precinct of the Twelfth Ward were the same persons. Obviously, they were not the same persons and could not have been the same persons.

It is so clear to us that no conviction in case 13,754 could possibly be for the same offense as that which is charged in the indictment in this case and so clear that that conclusion is indisputably shown upon the faces of the indictments that we find it difficult to comprehend the argument of learned counsel presenting the plea in abatement.

The contention of autrefois convict seems to have arisen from these considerations. The evidence against Mrs. Ryan in case 13,754 (so it is contended) tended to prove (if it tended to prove anything) that she was a party to a conspiracy to injure and oppress citizens of the Twelfth Ward and not only citizens of the Fifteenth Precinct of that ward; the evidence introduced against her in that case tended to prove such a general conspiracy; such a general conspiracy necessarily includes as parts thereof agreements to injure and oppress citizens in the several precincts of the ward; a subsequent indictment (such as the indictment in this case) charging a conspiracy to injure and oppress citizens in a particular precinct in the ward charges a part of the same general conspiracy. We would agree that this reason-

ing is sound if the indictment in case 13,754 charged a conspiracy to injure and oppress citizens in the Twelfth Ward. It did not do that. It charged only a conspiracy to injure certain citizens, as fully described as if they named, whereas the indictment in this case charges a conspiracy to injure and oppress certain other citizens, as fully described as if they were named.

 Perhaps the evidence that was received against Mrs. Ryan did not prove that she was guilty of the offense charged in case No. 13,754. That is a question with which we are not here concerned. Perhaps that evidence tended to prove that she was a party to several distinct conspiracies, in addition to the conspiracy that particularly was charged. We are not concerned with that now. One cannot be put in jeopardy on account of an offense with which he is not charged and that without regard to whether the evidence in the case tends to prove that he is also guilty of other offenses. Evidence often is competent in a criminal case which does tend to prove some offense other than that charged, but we have never heard it seriously contended that therefrom immunity arose for the other offenses incidentally shown. The constitutional guaranty is against double jeopardy for the same offense. There is no constitutional guaranty against a repetition of evidence in trials for different offenses. There is no constitutional guaranty against a second incidental proving of the same offense if that offense be an offense which has not heretofore been charged and prosecuted.

We believe that learned counsel for the defendant Ryan have misinterpreted certain opinions which they have cited. These opinions are that of the Circuit Court of Appeals for the Fourth Circuit in Short et al. v. United States, 91 F.2d 614, 112 A.L.R. 969; that of the Fifth Circuit in Powe v. United States, 11 F.2d 598; that of the Seventh Circuit in Miller v. United States, 4 F.2d 228; that of the Seventh Circuit in Murphy v. United States, 285 F. 801. The distinction between each of these cases and the present case is quite apparent.

In Short et al. v. United States the first conspiracy charged was that one Nebbs (it was he who asserted the defense of double jeopardy) had conspired with others to distill, sell, remove and conceal intoxicating spirits without paying the lawful taxes. This conspiracy was alleged to have existed for three years prior to the indictment in June, 1935, and to have been committed in the Eastern District of North Carolina with overt acts in the Eastern District of Virginia. The second indictment charged Nebbs and others, with conspiring to remove and conceal distilled spirits upon which the tax had not been paid. The conspiracy was charged to have been committed in the Eastern District of Virginia and during a time, eighteen months of which was identical with the time charged in the first conspiracy. A majority of the court (Circuit Judge Northcott dissenting) ruled that it was error not to permit the introduction of evidence to show that the two offenses were identical, since conceivably from the faces of the indictments they might be identical. It was possible that a conspiracy laid in North Carolina to violate the Internal Revenue Laws in 1934 and 1935, to be carried out by overt acts some of which were committed in Virginia, was identical with a conspiracy laid in Virginia to violate the Internal Revenue Laws in 1935 and 1936 with overt acts charged to have taken place in Virginia. One of these conspiracies might well overlap and include the other. Here is no analogy with indictments that show on their face that one could not possibly include the other, since they charge conspiracies to injure separate and distinct persons.

In Powe v. United States the first indictment charged a conspiracy to sell and deliver intoxicating liquor in a given city. The second indictment charged a conspiracy to sell and deliver intoxicating liquors in a given district (which included the city named in the first indictment). Here the identical evidence which would have supported the charge contained in the first indictment would have supported the charge contained in the second indictment. That situation would be parallel with the situation here if the indictment here charged a conspiracy to injure and oppress citizens in the Twelfth Ward and if the indictment in case 13,754 charged the defendants with a conspiracy to injure and oppress citizens in the Fifteenth Precinct of that ward. As the situation is, however, there is no analogy. Certainly the Circuit Court of Appeals would not have held that there was double jeopardy

if the second indictment had charged the defendant with a conspiracy to sell intoxicating liquors in one city and the first indictment had charged a conspiracy to sell intoxicating liquors in another city, although the evidence might also have shown that the defendant was a party to a conspiracy to sell intoxicating liquors in a state in which both cities were located.

In Miller v. United States it was ruled that a charge of conspiracy to unlawfully remove spirits from a bonded warehouse included a charge of conspiracy to unlawfully transport spirits from a bonded warehouse, if the removal and transportation involved the same spirits. It was a case in which one conspiracy necessarily included the other. A conspiracy to injure John Doe cannot possibly include a conspiracy to injure Richard Roe, although the two conspiracies may coexist and although one of the parties to each of the conspiracies may also be a party to other similar conspiracies.

The opinion in Murphy v. United States is very similar to the opinion in Miller v. United States. It was held there that a conspiracy to hold up and rob a mail truck includes a conspiracy to have and conceal the stolen property. If one is convicted or acquitted of a conspiracy to hold up and rob a truck, he cannot thereafter be convicted of a conspiracy to have and conceal the stolen property taken from the truck in the robbery. There is no analogy to the situation now considered. Certainly the Circuit Court of Appeals never would have held that conviction of a conspiracy to rob one mail truck would protect a person from prosecution for a conspiracy to have and conceal property stolen from another and different mail truck. The Circuit Court of Appeals would not have held that because A was charged with, tried for, and convicted of stealing a mail truck belonging to X, he could not thereafter be charged with, tried for, and convicted of stealing a mail truck belonging to Y, even although on the first trial there was evidence indicating that A was a party to a conspiracy to steal Y's truck as well as that of X, or was a party to a conspiracy to steal all of the trucks in the neighborhood in which he lived. The charge that A was a party to a conspiracy to steal the truck of X is a charge different from a charge of a con-

spiracy to steal the truck of Y. If X and Y are different persons there is no possibility whatever that A could be put in double jeopardy by separate trials of the two indictments.

The plea in abatement is overruled. It is so ordered. An exception is allowed to the defendant Ryan.