Argued June 5, affirmed October 18, petition for rehearing denied
November 14, 1961, certiorari denied U. S. Supreme Court
May 28, 1962

## STATE OF OREGON *v.* McDONALD

### 365 P. 2d 494

*William B. Murray,* Portland, argued the cause and filed briefs for the appellant.

*William E. Schumaker,* District Attorney, and *Donald B. Bowerman,* Deputy District Attorney, both of Oregon City, argued the cause for respondent. With them on the brief was Robert Y. Thornton, Attorney General, Salem.

Before McALLISTER, Chief Justice, and ROSSMAN, PERRY, SLOAN, O'CONNELL, GOODWIN and LUSK, Justices.

PERRY, J.

The defendant Levi Sarfield McDonald, a former employee of the Oregonian Publishing Company, was convicted by a Clackamas county jury of the crime of maliciously damaging personal property by explosives, and prosecutes this appeal to reverse the judgment of conviction.

There are sixteen assignments of error. All assignments except three are identical in fact and nature with those considered to be without merit in the case of *State v. McDonald,* 231 Or 24, 361 P2d 1001. The decision in that case is determinative of the thirteen assignments of error in the present case and, although reconsidered by the court, our reasoning will not be again reiterated in this opinion.

The remaining assignments of error are directed to the refusal of the trial court to submit to the jury for its consideration defendant's attempted plea of former jeopardy.

The basis of defendant's contention of former jeopardy lies in the fact he was convicted on an indict-

ment returned by the grand jury of Multnomah county, which reads as follows:

"LEVI McDONALD is accused by the Grand Jury of the County of Multnomah and State of Oregon by this indictment of the crime of INJURY TO PROPERTY BY EXPLOSIVES committed as follows:

"That said LEVI McDONALD on the 31st day of January, A.D. 1960 in the County of Multnomah and State of Oregon, then and there being, did then and there unlawfully and feloniously, purposely and maliciously, set off and explode a quantity of dynamite with intent then and there on the part of the said LEVI McDONALD to then and there injure: one 1954 White truck, one 1955 International truck, one 1956 International truck, and one 1957 International truck, the personal property of another, to-wit: The Hertz Corporation, contrary to the Statutes in such cases made and provided and against the peace and dignity of the State of Oregon.

"Dated at the City of Portland, in the County aforesaid, this 24th day of February A. D. 1960.

"Charles E. Raymond, District Attorney
"By Glenn A. Guerts, Deputy.

"Witnesses examined before the Grand Jury: William Howard McGill, Francis Edgmon, Caryl Forbish, Earl C. Adams, Dwight Gordon, Eugene Wymore, Marcus William Brooks, Oran Lyle Hull, Jane Snyder, Ruth Alys Snyder, Janis Buis"

The indictment returned against defendant by the grand jury of Clackamas county reads as follows:

"Levi Sarfield McDonald is accused by the Grand Jury of the County of Clackamas, State of Oregon, by this indictment of the crime of INJURY TO PROPERTY BY EXPLOSIVES committed as follows:

"The said Levi Sarfield McDonald on or about the 31st day of January, A.D., 1960, in the said

County of Clackamas and State of Oregon, then and there being, did then and there purposely, maliciously, feloniously and with intent to injure the property of another, to-wit: six (6) van type trucks, owned by Eugene D. Wymore, set off and explode dynamite, said act of defendant being, contrary to the statutes in such cases made and provided, and against the peace and dignity of the State of Oregon.

"Dated at Oregon City in the County aforesaid, this 18th day of February, A.D., 1960.

"Witnesses examined by the Grand Jury and for the State of Oregon: Eugene D. Wymore, Niel C. Doane, George Fatham, Francis C. Edgmon, Caryl R. Forbish, Wm. Brooks, Bernice Lee, Oran Lyle Hull, E. Lloyd Holt, Jane Snyder, Ruth Alys Snyder.

"(sgd) Winston L. Bradshaw
District Attorney."

At his arraignment in the circuit court for Clackamas county, the defendant entered a plea of not guilty and also (as authorized by ORS 135.830(3)) the plea that he had already been convicted of the crime charged in the indictment, setting forth the judgment of conviction rendered in the circuit court for Multnomah county.

The trial court at first accepted the pleas as made and then on motion of the State struck the plea of former jeopardy, the effect of the trial court's action being to reject the plea of former jeopardy.

Whether or not the trial court properly rejected the defendant's plea of former jeopardy depends upon whether or not each indictment on its face discloses as a matter of law a separate and distinct offense. "* * * All the writers seem to concur that a plea of former conviction or acquittal must be 'upon a prosecution for the same identical act and crime': 4 Blackstone's Com-

mentaries, 336." *State v. Howe,* 27 Or 138, 140, 44 P 672.

■ :Crimes to ibe identical must be the same in law and in fact. *State v. Sly,* 4 Or 277.

In *State v. Weitzel,* 157 Or 334, 340, 69 P2d 958, and *State v. Stewart,* 11 Or 52, 53, 4 P 128, we quoted with approval the following from *Morey v. Commonwealth,* 108 Mass 434:

> " 'A single act may be an offense against two statutes; and if each statute requires proof of an additional fact which the other does not, an acquittal, or conviction, under either statute, does not exempt the defendant from prosecution and punishment under the other.' "

■ Thus, to constitute a valid plea of former jeopardy, two distinct factors at least must be shown to concur—the same act and the same statutory offense.

An examination of the indictment discloses that the same identical crime in law is charged in each indictment so we must consider whether or not the same act or acts is charged.

■ In identifying whether or not the act or acts charged constitute single or multiple crimes, the courts apply two tests. The first, and prevailing rule in the majority of jurisdictions, is known as the "same evidence test."

> "* * * For instance, it is often said and stated as a test that a conviction or acquittal upon one indictment is a bar to a subsequent prosecution upon another, when the facts alleged in the second indictment would, if given in evidence, have warranted a conviction on the first, and this is the rule principally relied upon by the defendant in this case. But it must be accepted with some qualification, and as true only in a general sense. Thus, if after a conviction of assault and battery, the injury

resulted in death, the defendant, it is held, may be prosecuted for manslaughter or murder, although, under the facts set out in the second indictment, he might have been convicted of the crime charged in the first: 1 Bishop's New Criminal Law, § 1059. So, too, in prosecutions for the unlawful sale of intoxicating liquors, each sale constitutes a separate offense, and although both indictments charge a sale to the same person, and the prosecution could support either by the same evidence, inasmuch as the date is immaterial, yet a prosecution on one would not be a bar to the other, unless it was for the same act of selling: State v. Ainsworth, 11 Vt. 91. So also where each obstruction of a highway by a railway company constitutes a distinct offense, an acquittal on the trial of one indictment is not *ipso facto* a bar to another, found at the same time and charging the same character of offense as having been committed on the same date, although the same evidence would have supported a conviction on either at the election of the prosecution. But in such case it is only a bar to a prosecution for such offense as was proven or attempted to be proven on the trial of the first indictment: Chesapeake Railway Company v. Commonwealth, 88 Ky. 368 (11 S.W. 87). So, then, it cannot be said that the rule suggested affords an infallible guide." *State v. Howe,* 27 Or 138, 143, 44 P 672.

The second test applied quite sparingly and known as the "same transaction test" is also referred to in *State v. Howe,* supra, 27 Or 138, 144:

"Another rule sometimes adopted is that the conviction or acquittal on one indictment will be a bar to another prosecution growing out of the same transaction. But this also must be taken as true in a general sense."

The same transaction is usually to be found in a continuing crime. Such a crime has been defined as a "continuous unlawful act or series of acts set on foot

by a single impulse and operated by an unintermittent force, however long a time it may operate." *Armour Packing Co. v. United States,* 82 CCA 135, 153 F 1, aff 209 US 56, 52 L ed 681, 28 S Ct 428. An example of a crime of this nature is to be found in the continuous and uninterrupted transportation of the same identical liquor through several counties. *State v. Shimman,* 122 Ohio St 522, 172 NE 367, 73 ALR 1502.

Also, in larceny cases it has been held in the majority of jurisdictions that the stealing of property from different owners at the same time and place constitutes but one larceny. *State v. Clark,* 46 Or 140, 80 P 101; 28 ALR2d 1182.

■ It is apparent from a cursory examination of the indictments that the defendant's contention of double jeopardy will not meet the spirit of either of these tests. On their face, each shows that the evidence required to convict the defendant of the crime in Multnomah county would not convict the defendant of the crime charged in Clackamas county and vice versa.

Each indictment charges a separate and distinct act of violence at separate and distinct places against the property of different individuals and different property. Therefore, the plea does not meet the "same transaction test."

Proof that the defendant had exploded dynamite to destroy personal property in one county might be evidence of motive to injure property in another county, but it would not disclose the separate overt acts which would be necessary to sustain a conviction in each county, and, therefore, does not meet the "same evidence test."

The defendant also contends the trial court erred because after the State had rested the trial court denied

his motion for a directed verdict of acquittal and his motion to submit to the jury his plea of former jeopardy.

These motions will be considered as one since the motion for acquittal rests on defendant's contention of former jeopardy.

The defendant contends that the evidence adduced at the trial in Clackamas county was the same as that introduced in the trial in Multnomah county. It is true the same witnesses testified to many of the same facts in each case, but the facts which disclose the ultimate overt act are in each case different. Edward and Charles Snyder exploded the dynamite in Clackamas county, but others actually exploded the dynamite in Multnomah county.

The defendant seems to be under the impression that, because he was in fact only an accessory before the fact and did not himself explode any of the dynamite, his planning and procuring the execution of both explosions was but a single crime. The fallacy of this claim is at once apparent. The defendant confuses motive with criminal intent.

While ORS 161.220 abolishes the common-law distinction between accessories before the fact and principals by providing that the accessory before the fact as an aider and abettor in the crime committed shall be indicted and tried as a principal, it does not attempt to in anywise change the general rule of law which requires that a crime must in fact have been committed by the act of another before one who has only aided and abetted can be guilty of the crime.

"* * * It is the intent of him that counsels or procures another to violate the law, coupled with the intent and act of the person who in pursuance

thereof executes the original design, that constitutes the commission of the crime by the accessory before the fact. No crime is committed until the agent executes the orders of his principal, and the criminal responsibility of him who procures the act to be performed depends upon its performance by the agent. * * * The statute having treated the accessory before the fact as a principal, he may be tried before, with, or after the person who actually committed the overt act; but, his connection therewith being dependent upon the commission of the crime by his agent, the guilt of the latter must of necessity be an issue at the trial of the former, * * *." *State v. Steeves*, 29 Or 85, 93, 43 P 947.

While the defendant may have planned a series of crimes with but a single objective or purpose in mind, he had to have a criminal intent, coupled with the criminal intent of each agent to commit each crime, to reach his objective.

We have carefully reviewed the record and finding no error, the judgment is affirmed.