Dye, J.
This is an appeal by permission of the Appellate Division, First Department, from a unanimous order of that court granted in an article 78 proceeding prohibiting respondents-appellants from trying the petitioner on an indictment charging him with vehicular homicide on the ground that such a trial would subject him to double jeopardy (Matter of Martinis v. Supreme Ct. of State of N. Y., 20 A D 2d 79).
By way of background, it appears that on the evening of May 19, 1963, while petitioner Martinis was operating his automobile on the Henry Hudson Parkway, a public highway in the County of Bronx, he collided with another automobile in which five people were riding and all of whom were killed; the death car was thrown against a third automobile and its driver sustained severe personal injuries. Martinis was arrested. Am information was thereafter filed containing four counts charging Martinis with violation of the Vehicle and Traffic Law (1) driving while in an intoxicated condition (Vehicle and Traffic Law, § 1192); (2) reckless driving (Vehicle and Traffic Law, § 1190); (3) leaving the scene of an accident without reporting damage to property, and (4) without reporting injury to a person (Vehicle and Traffic Law, § 600). A prompt trial was sought and had in the Criminal Court of the City of New York before a panel of three Judges who found defendant “ not guilty ” (July 1, 1963) and dismissed the information.
Thereafter, on August 2, 1963, the G-rand Jury of Bronx County returned an indictment (No. 1005-63) charging Martinis with violation of section 1053-a of the Penal Law in five counts separately based on the death of each of the five people killed . in the accident of May 19 and one count of assault in the third degree, based on the injury to the driver of the third car (Penal Law, § 244). In granting the within writ of prohibition, the court below accepted the petitioner’s contention that in order *246 to obtain a conviction for vehicular homicide, as charged in the indictment, proof of the criminal negligence essential for a conviction under section 1053-a of the PenalLaw, that is, driving “ in a reckless or culpably negligent manner, whereby a human being is killed ’ necessarily will require the same proof as was adduced and found insufficient to sustain the charge of “ reckless driving” lodged under section-1190 of the Vehicle and Traffic Law; that in either situation the “ act ” of driving recklessly is a common ingredient essential to the establishment of the misdemeanor of reckless driving (Vehicle and Traffic Law, § 1190) on which he stands acquitted and the criminal negligence resulting in death (Penal Law, § 1053-a) for which he is now awaiting trial; that to now subject petitioner to trial on the homicide charge would expose him to double jeopardy (N. Y. Const., art. I, § 6; U. S. Const., 5th Amdt.).
We discern no such danger. There is a distinct and separable operative difference in the definition of “ reckless driving ”, as used in section 1190 of the Vehicle and Traffic Law and section' 1053-a of the Penal Law. The purpose of the one is to regulate and control the use and operation of vehicles on the public highway (Vehicle and Traffic Law, § 300). It defines a variety of acts or omissions either as “ infractions ” or misdemeanors, which were unknown to the common law and are not presently included in the Penal Law. The Vehicle and Traffic Law has its roots deeply embedded in our legislative history. The present statute entitled “ Vehicle and Traffic Law ” was enacted as chapters 775 and 776 of the Laws of 1959, effective October 1, 1960. Section 1190 of the Vehicle and Traffic Law prohibits “ reckless driving ” which, under the definition enunciated, may be committed by the driving or use of a motor vehicle in either of two ways: in a manner which (1) “ unreasonably interferes with the free and proper use of the public highway ” or (2) “ unreasonably endangers users of the public highway In contrast to the violaion of the rules and regulations controlling the use of the highways, the killing of a human being at common law and now by statute has always been regarded and treated as serious crime. Section 1053-a of the Penal Law is a homicide statute. It provides that a person is guilty of criminal negligence “ who operates or drives any vehicle of any kind in a reckless or culpably negligent manner, whereby a *247 human being is killed ” (added by L. 1936, ch. 733). The criminal negligence thus defined connotes conduct quite different from the driving or using of a motor vehicle in a manner which unreasonably “ interferes with the free and proper use of the public highway ” or “ unreasonably endangers users of the public highway”, as provided in section 1190 of the Vehicle and Traffic Law. To be sure, both sections deal with the manner in which a motor vehicle is driven or used, but the manner in which it is driven or used, as the Legislature has been careful to point out, may result, in two separate and distinct offenses, one prohibiting reckless driving in violation of rules and regulations affecting the use and operation of a vehicle in a manner which unreasonably ‘ ‘ interferes ” or “ endangers ’ ’, while the other has reference to conduct “ whereby a human being is killed ’ \ In making this distinction, the Legislature was acting within its competence (McKinney’s Cons. Laws of N. Y., Book 2, Constitution, art. Ill, § 1, and cases cited). It has long been recognized that crimes separate in nature, although arising out of the same transaction, may be defined and convictions thereon sustained without exposing defendant to double jeopardy (People v. Snyder, 214 App. Div. 742, affd. 241 N. Y. 81; People v. Skarczewski, 287 N. Y. 826; People v. Di Lapo, 14 N Y 2d 170).
The Legislature was also justified in drawing the distinction it did between driving in a manner that unreasonably “ interferes ” or “ endangers ” as a reasonable exercise of the police power in the interests of public safety (Vehicle and Traffic Law, § 1190) and the manner of driving whereby a human being is killed as a crime (Penal Law, § 1053-a). In the enactment of those sections, the Legislature was careful to classify each under appropriate chapter headings and to employ language that would fully inform an accused of the nature and quality of the offense charged. A defendant charged with a traffic offense in an inferior local court of limited jurisdiction thus rests secure in the fact that he can only be prosecuted for a misdemeanor. He knows too that when charged with homicide (Penal Law, § 1053-a) he is being accused of serious crime, a felony, which can be prosecuted only in a court of general criminal jurisdiction. Notwithstanding these clear and explicit enactments, the Legislature, in an abundance of caution, and as a part of its major reorganization of the Vehicle and Traffic Law (L. 1959, *248 ch. 775) effective October 1, 1960, included subdivision (d) of section 1800 which in pertinent part provides: “ (d) A conviction of violation of any provision of this chapter shall not be a bar to a prosecution for an assault or for a homicide committed by any person in operating a motor vehicle or motorcycle. ’ ’ The language used is clear, understandable and explicit and, when read as meaning what it says, it effectively lays to rest any doubt as to the distinction between a violation under section 1190 of the Vehicle and Traffic Law and section 1053-a of the Penal Law. Quite obviously, its purpose and design were intended to remove the very possibility here contended for, that is, to prevent prosecution upon a charge arising under the Vehicle and Traffic Law as a misdemeanor, whatever the result, from becoming a bar to a prosecution for an “assault” or for a “ homicide ”, as defined in the Penal Law. Nothing turns on the circumstance that the defendant-petitioner was acquitted, rather than convicted, in the Criminal Count of the City of New York on the traffic offenses, as charged. “ A single act may be' an offense against two statutes; and if each statute requires proof of an additional fact for which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other” (Gavieres v. United States, 220 U. S. 338, 342).
While we apply State law in a given case, it is always interesting to note what the courts of our sister States and the Federal courts do in like situations. Where, as here, there has been a prosecution in an inferior court on a minor traffic count, the courts of New Jersey hold that such prosecution, whatever the result, does not preclude subsequent prosecution for the more serious crime of homicide arising out of the same event, since, as they said, “ reckless driving ” and “ death by reckless driving ” are not the same offense (State v. Shoopman, 11 N. J. 333).
In California, which has a statute similar to section 1938 of the Penal Law, it has been held that prior prosecution for reckless driving has no relationship to a subsequent indictment for homicide. ‘ ‘ They are not the same offenses nor is one, to use the language of ,the Penal Code, 1 necessarily included within the other ’. One provides' for a minor misdemeanor punishment for the violation of section 121 of an act regulating, the use *249 and operation of vehicles on streets and highways ’ ’ (People v. Herbert, 6 Cal. 2d 541, 546. To the same effect see State v. Empey, 65 Utah 609).
Section 1938 of the Penal Law may not be read as extending double jeopardy protection in situations such as this, since it relates to punishment rather than prosecution (People v. Di Lapo, supra; People ex rel. Maurer v. Jackson, 2 N Y 2d 259). If there was ever any conflict of meaning as to double jeopardy “ for the same offense ”, as used in the Constitution, and the “ same act or omission ”, as used in the statute (§ 1938) — and I think there is none — it has been laid to rest by subdivision (d) of section 1800. Under familiar rules of statutory construction, subdivision (d) of section 1800, as a subsequently enacted statute for a special purpose, must be deemed to take precedence over section 1938 which is general in scope and application (McKinney’s Cons. Laws of N. Y., Book 1, Statutes, § 397, and cases cited). So viewed, subdivision (d) of section 1800 operates to harmonize section 1938 with rather than to extend the concept of “ twice put in jeopardy for the same offense ”, as envisioned by the framers of the Constitution and as enunciated by the Supreme Court. The test is not whether the defendant has already been tried for the same act, but whether he has been put in jeopardy for the same offense (see Gavieres v. United States, supra).
The charges against this defendant in the City Criminal Court for the misdemeanor violation of the indicated Vehicle and Traffic Law section and those charges for violation of the Penal Law embodied in the indictment triable only in the Supreme Court, Criminal Division, although arising out of the same transaction, are nonetheless clearly independent and unrelated violations of different statutes for which a conviction can be had only on proof involving different elements and triable only in courts possessing appropriate jurisdiction. The situation thus created falls within the purview of the statutory scheme for dealing separately with violations covered by the Vehicle and Traffic Law and those governed by the Penal Law.
Absent any statutory or decisional law supporting petitioner’s claim of double jeopardy, he may not find a substitute by invoking principles of collateral estoppel. Nor may any analogy to principles of “ res judicata ” in a civil suit be applied here. *250 The situation of this defendant is not at- all like that of a party to a civil suit. It would be a travesty of justice to hold that the prior prosecution upon the minor traffic offense as a misdemeanor precludes the subsequent prosecution for homicide as a felony. Such offenses are not so identical as to satisfy the traditional concept of double jeopardy. People v. Lo Cicero (14 N Y 2d 374) affords this petitioner no relief since there the State statute under which the People attempted to prosecute the defendant was substantially the same as the Federal statute under which he had been acquitted.. A motion to dismiss grounded on double jeopardy was properly granted. The dismissal of the indictment in People v. Brooklyn & Queens Tr. Corp. (283 N. Y. 484), on which petitioner relies,, was for insufficiency of proof, while in People v. Litt-Chinitz, Inc. (38 Misc 2d 864), an Appellate Term case, the defendant having been acquitted following a trial in one county should not have been tried again on the same charge (false advertising) in another county.
The United States Supreme Court dealt with a claim of double jeopardy and collateral estoppel (or criminal “ res judicata ”) arising from a State prosecution in Hoag v. New Jersey (356 U. S. 464). Hoag had been arrested as the perpetrator of a holdup of a bar in which five different individuals were robbed. He was indicted with reference to the robbery of three of the five victims and, following trial, was acquitted. Subsequently, the State of New Jersey indicted and proceeded to try Hoag with reference to the robbery of one of the other victims. He interposed a plea of double jeopardy as a defense and also that the State was estopped since the issue of his presence at the scene of the crime had already been litigated and decided in his favor. The United States Supreme Court rejected these, claims and affirmed his conviction. It held that the charge on which he was tried and convicted, while relating to the earlier charge on which he was acquitted, involved the independent element of establishing a larceny from the new victim; that each case had an independent element and the State was entitled to its day in court on each charge. So it is here. The proof of the indictment which is now sought to be prohibited requires an independent, separate and distinct element: the killing of a person in five separate counts in violation of section 1053-a of the Penal *251 Law and, in the sixth count, the assaulting of another in violation of section 244 of the Penal Law.
Prohibition is an extraordinary remedy which may not be used except in clear-cut situations. The burden rests with the petitioner to establish that he has been “ twice put in jeopardy for the same offense” (People v. Silverman, 281 N. Y. 457). This petitioner has not met his burden in this proceeding.
The order appealed from should be reversed and the petition dismissed.