Argued April 21, reversed and remanded May 13, petition for rehearing denied June 8, petition for review denied July ·14, 1971,

## STATE OF OREGON, *Appellant, v.*
## WILLIAM ISAAC MILLER, *Respondent.*
### 484 P2d 1132

*J. Bradford Shiley, Jr.,* Special Assistant to the Attorney General, Salem, argued the cause for appellant. With him on the brief were Lee Johnson, Attorney General, and Jacob B. Tanzer, Solicitor General, Salem.

502

*Benhardt E. Schmidt*, Portland, argued the cause and filed the brief for respondent.

Before SCHWAB, Chief Judge, and LANGTRY and FOLEY, Judges.

FOLEY, J.

This is an appeal by the state, under the authorization of ORS 138.060 (2), from a pre-trial order sustaining defendant's plea of former jeopardy under ORS 135.820 and dismissing an indictment charging him with being an ex-convict in possession of a firearm. Defendant's plea of former jeopardy was based upon the fact that he had previously been convicted in the Municipal Court of the City of Portland of carrying a concealed weapon in violation of a city ordinance, both charges having emanated from a single act. The state contends that the double jeopardy clause of the Fifth Amendment to the Constitution of the United States does not prevent it from prosecuting defendant upon the indictment.[1]

The Fifth Amendment provides in part as follows:

"* * * nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb * * *."

Oregon Constitution, Art I, § 12 reiterates this guarantee in virtually identical language:

"No person shall be put in jeopardy twice for the same offence (sic) * * *."

---

[1] That a conviction for violation of a municipal ordinance can support a plea of former jeopardy in a state felony prosecution has been established by the United States Supreme Court and is not an issue here. Waller v. Florida, 397 US 387, 90 S Ct 1184, 25 L Ed 2d 435, *reh denied* 398 US 914, 90 S Ct 1684, 26 L Ed 2d 79 (1970).

The ultimate issue to be resolved, then, is whether a trial upon the charge of ex-convict in possession of firearm would subject defendant to a second prosecution for the "same offence" of carrying a concealed weapon for which he was convicted in municipal court. The difficulty in arriving at a conclusion lies in the definition of the term "same offence."

In 1883, in *State v. Stewart*, 11 Or 52, 4 P 128, the Oregon Supreme Court was faced with a double jeopardy question. In deciding that case the court quoted with approval the following language from *Morey v. Commonwealth*, 108 Mass 433 (1871):

> " '* * * A single act may be an offense against two statutes; and if each statute requires proof of an additional fact which the other does not, an acquittal, or conviction, under either statute, does not exempt the defendant from prosecution and punishment under the other.' * * *" 11 Or at 53.

This identical language appeared again with support in *State v. Weitzel*, 157 Or 334, 69 P2d 958 (1937), and *State v. McDonald*, 231 Or 48, 365 P2d 494 (1961), *cert denied* 370 US 903, 82 S Ct 1247, 8 L Ed 2d 399 (1962).[2] In the latter case the court added a conclusion to this language.

> "Thus, to constitute a valid plea of former jeopardy, two distinct factors at least must be shown to concur—the same act and the same statutory offense." 231 Or at 52.

The Oregon Supreme Court has, in applying the term "same offence," adopted what is commonly known as the "same evidence" test, presently followed by a majority of American jurisdictions.

---

[2] The United States Supreme Court also approved this language in Blockburger v. United States, 284 US 299, 52 S Ct 180, 76 L Ed 306 (1932).

Another standard—the "same transaction" test—is used in some jurisdictions in defining "same offence."[9]  This test

"* * * looks to a person's behavior rather than to statutory definitions, and treats the consequences of the same transaction, episode, or conduct as constituting one offense for the purpose of a double jeopardy plea, although such consequences may be in violation of more than one criminal statute. * * *" *State v. Ahuna,* 52 Hawaii 321, 324, 474 P2d 704, 706 (1970).

This standard was adopted by the American Law Institute in its Model Penal Code, Final Draft, § 1.07 (2) (1962).  It also received the support of three justices of the United States Supreme Court in *Ashe v. Swenson,* 397 US 436, 90 S Ct 1189, 25 L Ed 2d 469 (1970) (see concurring opinion of Mr. Justice Brennan).  However, neither test has been given explicit constitutional preference by that court.

Defendant suggests, nevertheless, that another case decided the same day as *Ashe, Waller v. Florida,* 397 US 387, 90 S Ct 1184, 25 L Ed 2d 435, *reh denied* 398 US 914, 90 S Ct 1684, 26 L Ed 2d 79 (1970), indicates the direction in which the Supreme Court is headed.  The court in *Waller* vacated petitioner's grand larceny conviction, obtained in the Florida circuit court, on the ground that jeopardy had previously attached upon prior convictions in a municipal court for destruction of city property and disorderly breach of the peace in violation of city ordinances.  In rendering its opinion the court accepted and acted upon a state-

---

[9] See State v. Clipston, 3 Or App 313, 473 P2d 682 (1970), where this court applied the "same transaction" approach to an issue involving a multiple count indictment.

ment of the District Court of Appeal of Florida that the felony charge

> "* * * 'was based on the same acts of the appellant as were involved in the violation of the two city ordinances' and on the assumption that the ordinance violations were included offenses of the felony charge. * * *'" 397 US at 390.

Short of a finding that the municipal violation involved in the case at bar is an included offense of the crime ex-convict in possession of firearm, the *Waller* decision does not of itself support the result defendant would have us reach. No such finding is warranted here.[a]

The Supreme Court of Hawaii, in deciding a case on facts remarkably similar to those involved here, applied to the "same offence" language a third test which appears to be a hybrid of the "same evidence" and the "same transaction" tests. Defendant was found in possession of a pistol which was not registered with the chief of police. He was convicted of possession of an unregistered firearm, a misdemeanor. Based on the same act of possession, defendant, an ex-felon, was subsequently convicted of the crime of possession of a firearm by a person convicted of a crime of violence and sentenced to 15 years' imprisonment. In reversing that conviction, the Hawaii Supreme Court, rejecting the two traditional tests of "same offence" as individually inadequate, said:

> "We think that a satisfactory approach to the problem is set forth in § 111 of the proposed Hawaii Penal Code 1970. Under the approach, a former prosecution, although it has been for a

---

[a] Conviction of the crime of ex-convict in possession of a firearm, ORS 166.270, would not necessarily include a finding that a defendant has also carried a concealed weapon.

violation of a different statutory provision, will bar a subsequent prosecution if the subsequent prosecution is for an offense based on the same conduct, unless the offense 'requires proof of a fact not required by the former offense and the law defining each of the offenses is intended to prevent a substantially different harm or evil.'

"Here, both under HRS § 134-3 and HRS § 134-7 (b), the harm or evil intended to be prevented is the possession of an unregistered firearm. The only difference between the two statutes is that in the former the actor may be any person and in the latter the actor must be a person convicted of a crime of violence. A criminal statute is directed at a person not for what he is but for what he does, and here defendant was prosecuted and convicted for the second time for precisely the same act for which he was previously prosecuted and convicted. That may not be done without violating the constitutional prohibition against double jeopardy." *State v. Ahuna*, supra, 474 P2d at 707.

Section 14.32.040 (formerly Section 16.619) of the Code of the City of Portland, the violation of which led to defendant's municipal court conviction, provides:

"It is unlawful for any person, not authorized by law, to carry any dangerous or deadly weapon in a concealed manner."

ORS 166.270, the statute under which defendant was indicted, provides in pertinent part as follows:

"* * * [A]ny person who has been convicted of a felony against the person or property of another * * * who owns, or has in his possession or under his custody or control any pistol, revolver, or other firearm capable of being concealed upon the person, or machine gun, shall be punished upon conviction * * *."

Applying Oregon's "same evidence" definition of

"same offence"—that is, the same act and the same statutory offense—to the facts in this case, there is no double jeopardy here. The sustaining of a conviction under ORS 166.270 requires proof of at least one fact not necessary under Portland City Code Section 14.32.040—that defendant is an ex-felon—and a conviction for violation of the city code requires proof of concealment of the weapon whereas the statute does not. Following the test laid down by our Supreme Court, the order of the court sustaining defendant's plea of former jeopardy and dismissing the indictment must be reversed.

Reversed and remanded.