Argued May 17, re-argued July 22, reversed and remanded
September 21, 1971

# STATE OF OREGON, *Appellant, v.*
# LARRY JAMES ELLIOTT, *Respondent.*
488 P2d 1189

*Thomas H. Denney,* Assistant Attorney General, Salem, argued the cause for appellant. On the brief were Lee Johnson, Attorney General, Jacob B. Tanzer, Solicitor General, and J. Bradford Shiley, Jr., Special Assistant to the Attorney General, Salem.

*Ralph Currin,* Pendleton, argued the cause for respondent. With him on the brief were Currin & French, Pendleton.

LANGTRY, J.

The defendant had been convicted of driving under the influence of intoxicating liquor. The sole question presented by this appeal is whether he would be put in jeopardy a second time for the "same of-

fence" in violation of the Fifth Amendment[1] if subjected to a prosecution for negligent homicide based upon the same act of driving a motor vehicle. The circuit court allowed defendant's plea of former conviction and dismissed the negligent homicide indictment. The state appeals pursuant to ORS 138.060 (2).

■ Various tests have been devised for defining the term "same offence" in the double jeopardy context. In *State v. Miller*, 5 Or App 501, 484 P2d 1132, Sup Ct *review denied* (1971), we noted two basic approaches: the "same evidence" test and the "same transaction" test. We consider only the "same evidence" test here.[2] That test is:

" ' "* * * A single act may be an offense against two statutes; and if each statute requires proof of an additional fact which the other does not, an acquittal, or conviction, under either statute, does not exempt the defendant from prosecution and punishment under the other." * * *'

"* * * * *

" ' 'Thus, to constitute a valid plea of former jeopardy, two distinct factors at least must be shown to concur—the same act and the same statutory offense.' * * *" 5 Or App at 503.

■ Clearly, the case at bar fails to meet this standard.[3] There is another aspect of double jeopardy, not at issue in *Miller* or decided in any other Oregon case, that warrants consideration.

[1] "* * * [N]or shall any person be subject for the same offence to be twice put in jeopardy of life or limb * * *." U. S. Const. amend. V.

[2] Examples of situations in which the "same transaction" test was considered appropriate are: State v. Clipston, 3 Or App 313, 473 P2d 682 (1970); State of Oregon v. McCormack, 8 Or 236 (1880).

[3] Conviction of negligent homicide requires proof of an "additional fact" not required for drunk driving, namely, a negligent act causing death.

■ Defendant argues that the double jeopardy guarantee prohibits his prosecution for negligent homicide because the offense of driving under the influence of intoxicating liquor, of which he has already been convicted, is *included* within the negligent homicide indictment. Since a defendant may be found guilty of any crime the commission of which is necessarily included in the one charged in the indictment,[①] defendant contends that a prosecution for negligent homicide would place him in jeopardy a second time for the "same offence."

■ The principle that conviction for a minor offense may bar prosecution for a greater offense is generally recognized. 1 Wharton, Criminal Law and Procedure 358, § 147 (Anderson 1957). However, this principle, and defendant's reasoning, is premised on the assumption that the lesser offense is a "constituent part" of the greater: a "necessarily included offense." The ultimate question before us, then, is whether drunk driving constitutes a "necessarily included offense" of negligent homicide so as to render prosecution for the latter constitutionally offensive. To resolve this issue we will employ only the general framework of the "same evidence" test enunciated in *Miller*.

Courts have taken three different approaches to the "same evidence" test. *See* Note, *Twice in Jeopardy,* 75 Yale L J 262, 269-70 (1965):

> "*Required evidence tests* hold that offenses are 'the same' if the elements of one are sufficiently similar to the elements of another. *Alleged evidence tests* find offenses the same if there is sufficient similarity between the allegations of the two indictments. *Actual evidence tests* find the offenses

---

[①] ORS 136.660.

the same if there is a similarity between the evidence presented at the two trials. * * *"

The majority of jurisdictions follow the "required evidence" approach. 75 Yale L J at 269, n 31. To our knowledge, Oregon courts have done the same, as is implicit in the analysis in *Miller* and other double jeopardy cases. Using this approach, the definition for a "necessarily included offense" would be: "where an offense cannot be committed without necessarily committing another, the other offense is a necessarily included offense." *People v. McCree,* 128 Cal App2d 196, 275 P2d 95 (1954); *see,* 21 Am Jur 2d 243, § 189 (1965). Clearly, drunk driving would not pass muster under the "required evidence" approach since conviction of negligent homicide would not necessitate a finding of driving while intoxicated. Most jurisdictions have so concluded under similar facts. *See,* Annotation, 172 ALR 1053 (1948), and supplementary cases.

Defendant apparently would have us adopt the "alleged evidence" approach, for he distinguishes his case from the line of authority holding no double jeopardy on the basis of an allegation in the indictment. The pertinent parts of that indictment are:

"The said LARRY JAMES ELLIOTT * * * did then and there drive a motor vehicle in a grossly negligent manner, as a proximate result of which * * * a person died, as follows:

"On said date, LARRY JAMES ELLIOTT, *while under the influence of intoxicating liquor as defined by ORS 483.992 (2),* drove * * * said automobile in a negligent manner in that he:

"1. Drove said vehicle at a speed greater than was reasonable and prudent * * *;

"2. Failed to maintain proper control over his vehicle;

"3. Failed to maintain proper lookout;

"as a result of which driving said vehicle struck a vehicle being driven by Lena M. Westervelt, a female person, causing said person, on December 20, 1969, to die * * *." (Emphasis supplied.)

As the italicized portion of the indictment indicates, an opposite conclusion to that reached by the required evidence approach would result if "alleged evidence" were compared: namely, that drunk driving is a "necessarily included offense." However, we hesitate to ground our decision on so narrow and tenuous a basis as the inclusion of a superfluous, evidentiary allegation.[5]

The "actual evidence" test is generally a sounder alternative to the "required evidence" test.[6] Here it would yield the same result as the "alleged evidence" test since the evidence introduced at trial to support the intoxication allegation, and tend to prove gross negligence, would, also, support a conviction for driving while intoxicated. Moreover, the same would hold true for any person in defendant's situation, regardless of the skill of the prosecutor in drawing up the

---

[5] In State v. Montieth, 247 Or 43, 417 P2d 1012 (1966), *appeal dismissed* 386 US 780, 87 S Ct 1496, 18 L Ed 2d 526 (1967), intoxication was said to be *evidence* of gross negligence in a negligent homicide prosecution when accompanied by proof of an act of ordinary negligence.

[6] In commenting on the "alleged evidence" test, the author of the Note states:

"This test falls somewhere between the required and actual evidence tests. If the allegations are examined with a view to the essential facts it is much like the elements [required evidence] test. If, on the other hand, *the evidential allegations are considered, it begins to resemble more the actual evidence test.* [Emphasis supplied.] That is, it bars or permits a second prosecution on the basis of the *anticipated* actual evidence. The evidentiary factual allegations formulation has been criticized because it makes the issue of double jeopardy turn upon the 'accidental inclusion of superfluous allegations.' * * *" 75 Yale L J 269, 270 n 32 (1965).

indictment. Whether or not we adopt the test depends on the support we find for it.

There is general authority supporting the use of the "actual evidence" test for determining what is an included offense. See, for example, *Hans Nielsen, Petitioner,* 131 US 176, 9 S Ct 672, 33 L Ed 118 (1889), and *The State v. Cooper,* 13 NJL 361, 25 Am Dec 490 (1833), cited therein. But in decisions dealing specifically with offenses involving automobiles, i.e., conviction for driving while intoxicated (and other related offenses, such as reckless driving) followed by a prosecution for negligent homicide or manslaughter, research indicates that no court has used the "actual evidence" test to resolve the issue of whether the former is "necessarily included" in the latter. The unanimous conclusion[*] (presumably, by virtue of the "required evidence" test) is that separate offenses are involved and, accordingly, jeopardy as to one does not bar prosecution of the other. 1 Wharton, Criminal Law and Procedure 375, § 152 (Anderson 1957) ; Annotation, 172 ALR 1053 (1948), and supplementary cases.

Cases cited by defendant offer little authority to the contrary. The court in *State v. Anderson,* 82 Idaho 293, 352 P2d 972 (1960), acknowledged its deviation from the norm in holding that driving while intoxicated was a "necessarily included offense" of negligent homicide. 82 Idaho at 301. Moreover, double jeopardy was not at issue in that case.

*Matter of Martinis v. Supreme Court,* 15 NY2d

[*] The Supreme Court of New York did apply the "actual evidence" test in People v. Martinis, 46 Misc2d 1066, 261 NYS2d 642 (1965), though, as will be seen, infra, the Court of Appeals appeared to opt for the "required evidence" test. Being the superior court, the Court of Appeals' decision had greater weight for purposes of precedent.

240, 258 NYS2d 65, 206 NE2d 165 (1965), did deal with a double jeopardy question similar to that in the case at bar. Martinis's automobile collided with another in which five people were killed. He was promptly tried and found not guilty of drunk and reckless driving charges. Thereafter, a grand jury indicted him for criminal negligence. Martinis sought to quash the indictment on the grounds that "reckless driving" was a common ingredient of the misdemeanor charge (of which he had been acquitted), and the felony charge of criminal negligence. The indictment alleged only the statutory elements.[9]

The appellate court reversed the lower court's order which prohibited the state from indicting. Three justices felt that the "required evidence" test did not bar a homicide prosecution. The dissenting three felt the same test prohibited the indictment. The seventh, Mr. Justice Burke, whose opinion is heavily quoted in defendant's brief, felt that the second trial should proceed but that the "actual evidence" test should be applied to the evidence presented at that trial to see if it would be sufficient to convict of the first charge, reckless driving. The lack of support for the "actual evidence" test by the majority of that court and the peculiar statutory scheme in New York dissuade us from following this singular view, especially in light of the strong majority position noted in other states.

As we initially stated, the constitutional guarantee is against double jeopardy for the same offense.

"* * * There is no constitutional guarantee against a repetition of evidence in trials for dif-

---

[9] The statute proscribed the operation of "* * * any vehicle * * * in a reckless or culpably negligent manner, whereby a human being is killed * * *." New York Penal Law of 1909, § 1053-a.

ferent offenses. \* \* \*" *United States v. Brimsdon,* 23 F Supp 510, 512 (WD Mo 1938).

The offenses of drunk driving and negligent homicide are not so identical as to satisfy the traditional concept of double jeopardy.

Driving while intoxicated is a misdemeanor, a creature of the legislature, unknown at common law. Like other vehicle-related offenses, it is contained in the framework of the Motor Vehicle Code, ORS ch 483, the general purpose of which is the regulation and maintenance of free and safe movement over public highways. No attempt is made by these provisions, including that for drunk driving, to punish for any consequences which may flow from their violation.

■ The killing of a human being, on the other hand, has always been a serious crime, however perpetrated. Negligent homicide is classified as such in ORS ch 163. As is the case with other homicide statutes, negligent homicide cannot be tried in the lesser courts; the same is not true for drunk driving. ORS 484.030. The essential ingredient of unlawful homicide is the taking of a human life. Thus, the gravamen of negligent homicide is different than drunk driving.[⊙]

We find no reason to depart from the "required evidence" position taken by other states in similar cases and heretofore generally followed in Oregon. Accordingly, no double jeopardy would attach by virtue of defendant's prosecution for negligent homicide.

Reversed and remanded.

---

[⊙] We recognize that a principal reason for the attempt to remove drunken drivers from the highways is the prevention of death to others.

FOLEY, J., dissenting.

In this case the accident which resulted in this prosecution occurred December 20, 1969, at Milton-Freewater, Oregon. The victim died the same day. Thus, all "acts" or "offenses" upon which criminal proceedings could be based were immediately available to the district attorney for him to determine what charge or charges he should bring. He chose to charge the defendant with "driving while under the influence of intoxicating liquor." Defendant was convicted and was sentenced to 60 days in jail. Almost 10 months after the accident and death the district attorney presented to, and obtained from, the grand jury an indictment charging defendant with negligent homicide in that defendant

"* * * while under the influence of intoxicating liquor * * * drove a 1969 Plymouth * * * in a negligent manner * * *;

"* * * * *

"as a result of which driving said vehicle struck a vehicle being driven by Lena M. Westervelt * * * causing said person * * * to die."

At the time of argument on the plea of double jeopardy, the district attorney stipulated:

"* * * We would at this time stipulate that the defendant has been charged and convicted of driving while under the influence and that the driving in question was the same driving which culminated in a collision with Mrs. Westervelt's car in which it is alleged resulted in Mrs. Westervelt's death. * * *"

Early in Oregon's jurisprudence, *State of Oregon v. McCormack*, 8 Or 236 (1880), our Supreme Court, implementing the double jeopardy principle, announced the rule that the prosecutor should not be allowed to carve up what is essentially one incident

into several prosecutions. There defendant stole a horse. He was first convicted of larceny as to the saddle and bridle. Subsequently, he was indicted for larceny of the horse. The court barred the second prosecution and said:

> "This is a case where the appellant is charged with the larceny of a horse, saddle, and bridle, taken at the same time and place, and from the same person, and in our opinion the whole transaction constitutes but one crime, and but one indictment can be sustained for such taking, and the prosecution having seen proper to split up the transaction into two offenses by causing two indictments to be preferred against such person for that which is but one crime, a conviction or acquittal on one may be successfully pleaded as a bar to a subsequent prosecution on the other. In 1 Bishop's Criminal Law, sec. 1060, it is said, 'that although when a man has done a criminal thing the prosecutor may carve an offense out of the transaction as he can, yet, he must cut only once.' The same author, in referring to offenses embraced in the same transaction or included one within the other, says: 'Some apparent authority, therefore, English and American, that a jeopardy for the less is no bar to an indictment for the greater, we must regard as not being good law, while the doctrine that it is a bar is best sustained by the adjudications, as well as by reason.' (1 Bishop's Crim. Law, sec. 1057.)" 8 Or at 239.

It is still true that "he can carve only once" but the definition of the term "same offence"[1] has required further analysis. In *State v. Miller,* 5 Or App 501, 484 P2d 1132, Sup Ct *review denied* (1971), after discussion of alternative tests, we applied Oregon's "same evidence" definition of "same offence" and

[1] "* * * nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb * * *." U. S. Const. amend. V.

concluded that defendant did not have a valid former jeopardy plea. The test applied was this:

> " ' "* * * A single act may be an offense against two statutes; and if each statute requires proof of an additional fact which the other does not, an acquittal, or conviction, under either statute, does not exempt the defendant from prosecution and punishment under the other." * * *'
>
> "* * * * * *
>
> " 'Thus, to constitute a valid plea of former jeopardy, two distinct factors at least must be shown to concur—the same act and the same statutory offense.' * * *" 5 Or App at 503.

Merely applying the same standard to the present situation would lead us to the identical conclusion— no former jeopardy. Conviction in this case of negligent vehicular homicide would require proof of different elements[2] than those necessary for a conviction of drunk driving. Defendant, however, argues that the double jeopardy guarantee prohibits his prosecution for negligent homicide because the offense of driving under the influence of intoxicating liquor, of which he has already been convicted, is included within the negligent homicide indictment. Since a defendant may be found guilty of any crime the commission of which is necessarily included in the one charged in the indictment,[3] defendant contends that a prosecution for negligent homicide would place him in jeopardy a second time for the "same offence." The ultimate question to be answered, then, is a two-part one: (1) is drunk driving an included offense of negligent homi-

---

[2] Elements of negligent homicide: (1) death within a year; (2) caused by driving of defendant; (3) the driving being in a grossly negligent manner.

[3] ORS 136.660.

cide *in this case*; and, if so, (2) does the Double Jeopardy Clause apply?[④]

The state stipulated that the same drunken driving for which defendant was convicted was that which resulted in the death. The prosecutor also said

"* * * [w]e want to make it clear that the State is saying at this time that all the State can prove or will prove is that the defendant was under the influence and at the time he was under the influence committed an act of simple negligence. * * * after the State's case has been completed, it will have proved under the influence and it will have proved simple negligence, and that's all. * * *"

The act of driving a motor vehicle while under the influence of intoxicating liquor, which is charged in this indictment and which is proscribed by ORS 483.992 (2), would thus be a necessarily included offense of the negligent homicide charged here. The majority suggests that the allegation of driving under the influence is "the inclusion of a superfluous, evidentiary allegation." Here the majority's conclusion, however, is negated, since the state not only alleges the offense of drunk driving but also affirmatively avers that proof of the intoxication is an essential element of its proof of the crime of negligent homicide. In other words, this case squarely complies with the "required evidence" test to which, the majority states, Oregon subscribes. Indeed, absent the previous conviction for drunk driving, had the case proceeded to trial, the defendant would have been entitled, upon request, to an instruction, submitting to the jury the lesser included offense of operating a motor vehicle while under the influence of intoxicating liquor.

---

[④] In State v. Miller, supra, we found specifically that there was no issue of lesser included offense.

This case is to be distinguished from those cases where a virtual fraud is perpetrated upon the court when conviction of a minor traffic offense is sought to be used to bar a prosecution for negligent homicide.[9] The majority seems to attempt to downgrade the offense of drunk driving, implying that it is not a very serious offense, suggesting it is a misdemeanor and contained in the motor vehicle code, whereas negligent homicide is classified as "a serious crime." The maximum penalty for drunk driving is $1,000 fine and one year's confinement. The penalty for negligent homicide, though more severe, is comparable. The maximum is $2,500 fine and three years' confinement.

The United States Supreme Court long ago recognized the principle that a person convicted of a certain crime and punished cannot subsequently be prosecuted for an offense which was included in and a part of the original crime. *Hans Nielsen, Petitioner,* 131 US 176, 9 S Ct 672, 33 L Ed 118 (1889). This rule of law set down in *Nielsen* was most recently approved by the Supreme Court in *North Carolina v. Pearce,* 395 US 711, 89 S Ct 2072, 23 L Ed 2d 656 (1969), and it is applicable to the states through the Fourteenth Amendment. *Benton v. Maryland,* 395 US 784, 89 S Ct 2056, 23 L Ed 2d 707 (1969). Had defendant been first convicted of negligent homicide upon the indictment here involved, the state could not have prosecuted him thereafter for the included offense of drunk driving. Should a different result be permitted because the state has chosen to reverse the order of its prosecutions?

In discussing the general subject involved in

---

[9] In People v. Herbert, 6 Cal2d 541, 58 P2d 909 (1936), for example, defendant pleaded guilty and was fined $10.

*Nielsen* the court cited as examples several cases, one of which was *The State v. Cooper,* 13 NJL 361, 25 Am Dec 490 (1833). In that case the New Jersey Supreme Court held that defendant, having been tried and convicted of arson, could not subsequently be prosecuted for murder via the same act of arson in light of the constitutional principle of double jeopardy. Though written 138 years ago the opinion is no less profound and its reasoning no less applicable to the present circumstances because of that fact:

> "The defendant has been convicted of the crime of arson. He has plead that conviction in bar of the indictment for murder. What effect shall that plea have upon this prosecution? If I am right in supposing that the defendant cannot be convicted and punished for two distinct felonies, growing out of the same identical act, and where one is a necessary ingredient in the other, and the state has selected and prosecuted one to conviction, it appears to present a proper case to interpose the benign principle, that a man shall not be twice put in jeopardy for the same cause, in favor of the life of the defendant.
>
> "\* \* \* \* \*
>
> "\* \* \* Here is no defect in the first indictment. It is a case where the state has thought proper to prosecute the offence in its mildest form, and it is better that the residue of the offence go unpunished, than by sustaining a second indictment to sanction a practice which might be rendered an instrument of oppression to the citizen." 13 NJL at 375-76.

The Supreme Court of the United States most recently ruled upon a double jeopardy issue similar to the present one last year in *Waller v. Florida,* 397 US 387, 90 S Ct 1184, 25 L Ed 2d 435 (1970). There defendant was convicted in a municipal court of the

violation of two city ordinances. He was later tried and convicted in a state court upon an information charging grand larceny, admittedly based upon the same acts of defendant involved in the violation of the two city ordinances. The United States Supreme Court vacated the grand larceny conviction on the ground that it violated the Fifth and Fourteenth Amendments to the United States Constitution. In his opinion expressing the unanimous view of the court, Mr. Chief Justice Burger, though concentrating on the issue of dual versus single sovereignty, stated that the court was acting upon the statement of the Florida District Court of Appeal that the second trial

"* * * 'was based on the same acts of the appellant as were involved in the violation of the two city ordinances' and *on the assumption that the ordinance violations were included offenses of the felony charge.* * * *" (Emphasis supplied.) 397 US at 390.

In light of the *Waller, Pearce* and *Nielsen* decisions the prosecution of defendant for negligent homicide upon this particular indictment will place him twice in jeopardy for the "same offence" and a sentence upon conviction will subject him to punishment already administered for the misdemeanor of driving while under the influence of intoxicating liquor, all in violation of both the Constitution of the United States and the Oregon Constitution.© The judgment of the circuit court dismissing the negligent homicide indictment should be affirmed.

---

© It is pointed out that under either the "same transaction" test or the Hawaii test of the term "same offence," both set out in State v. Miller, supra, the same result would probably be reached.