Argued January 19, affirmed February 4, petition for rehearing denied March 7, petition for review allowed May 16, 1972

## STATE OF OREGON, *Respondent, v.* BOYCE GAIL FAIR (No. 4492), *Appellant.*

493 P2d 182

*J. Marvin Kuhn,* Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

*Al J. Laue,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and John W. Osburn, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and LANGTRY and FORT, Judges.

LANGTRY, J.

Defendant appeals from conviction and sentence for grand larceny. ORS 164.310. He asserts his defense of former jeopardy should have dictated dismissal.

Defendant was indicted, tried and convicted with two others of burglary not in a dwelling. A television set was taken from a motel during the burglary. The trial court nullified the conviction because it became convinced that the proof in that case was that the motel was a dwelling. Thereafter, defendant was indicted with the others in the case at bar for larceny of the television set and was convicted. Defendant pleaded former jeopardy, claiming that any alleged larceny was included in the same transaction as the burglary charge of which he had been acquitted. The trial court rejected the former jeopardy plea on the reasoning that a burglary is a completed criminal act under ORS 164.240 when a breaking occurs with intent to commit a crime in the broken place; therefore, when a crime follows therein it also may be prosecuted. The trial judge cited, *inter alia, The People v. Niemoth,* 409 Ill 111, 98 NE2d 733 (1951), *cert denied* 344 US 858 (1952); *Williams v. State,* 205 Md 470, 109 A2d 89 (1954); and *People v. Snyder,* 241 NY 81, 148 NE 796 (1925), which support his decision.

We think other decisions, including recent Oregon cases, also support the trial court's decision. Thus, in *State v. Woolard,* 259 Or 232, 484 P2d 314, 485 P2d 1194 (1971), the Supreme Court held that convictions of burglary and a larceny committed as a part of the

same transaction could not be the basis for separate convictions and sentences, but, it said:

> "* * * We are only prohibiting the convicting and sentencing for both burglary and larceny. We are not thereby barring the charging of both offenses * * *." 259 Or at 238.

By this reasoning, the charge of larceny could stand in the case at bar. And under *State v. Miller,* 5 Or App 501, 484 P2d 1132, Sup Ct *review denied* (1971), and *State v. Elliott,* 6 Or App 436, 488 P2d 1189 (1971), the fact that defendant had already been acquitted of the first offense charged would not, on account of former jeopardy, bar the second. In *Miller* we said:

> " 'Thus, to constitute a valid plea of former jeopardy, two distinct factors at least must be shown to concur—the same act and the same statutory offense.' 231 Or at 52 [State v. McDonald, 231 Or 48, 365 P2d 494 (1962)]." *State v. Miller,* supra, 5 Or App at 503.

The defendant's plea does not meet that test.

Affirmed.