EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* CÁN-
DIDO GONZÁLEZ RIVERA, acusado y apelante.

*Número:* CR-66-229    *Resuelto:* 9 de junio de 1967

*Francisco Coll Moya,* abogado del apelante; *J. B. Fernández Badillo, Procurador General,* e *Ida Cardona Hernández, Procuradora General Auxiliar,* abogados de El Pueblo.

EL JUEZ ASOCIADO SEÑOR DÁVILA emitió la opinión del Tribunal.

El apelante conducía un vehículo de motor y tuvo un accidente. Fue acusado de infringir las Secs. 5-201 y 5-801 de la Ley de Vehículos y Tránsito, 9 L.P.R.A. secs. 871 y 1041. El caso por infringir la Sec. 5-201([1]) se vio ante el Tribunal de Distrito y fue declarado culpable. Se le imputó que "sin ejercer el debido cuidado y circunspección, despreciando vidas y propiedades, sin tomar en cuenta el ancho, uso y condiciones de dicha via pública, ya que mientras manejaba su vehículo, por la mencionada avenida, al llegar a la Calle Bloque M-56, no se detuvo ante un rótulo de 'Pare' que se encontraba de frente y en forma visible hacia el lado que manejaba su vehículo, tratando de cruzar dicha intersección sin detenerse ante el rótulo de Pare, lo que dio lugar a que por su descuido y negligencia en el uso y manejo de su vehículo al que continuar la marcha sin detenerse en dicha intersección, a que fuese a impactar con la parte delantera del vehículo que manejaba al auto marca Chevrolet, modelo 1965, tablillas PA-270-214 propiedad y manejado por su dueño Gregorio

---

([1]) La Sec. 5-201, dispone:

"Toda persona que conduzca un vehículo de motor de manera descuidada y atolondrada, despreciando desconsideradamente los derechos y la seguridad de otras, o sin el debido cuidado y circunspección, o de una manera que ponga o pueda poner en peligro las vidas o propiedades, o que mediante el manejo negligente de un vehículo de motor causare daño a otra persona, será culpable de conducción temeraria y convicta que fuere, se le castigará con una multa no menor de cien (100) dólares, ni mayor de dos mil (2,000) dólares o cárcel por un término no menor de un mes ni mayor de dos (2) años, o ambas penas a discreción del tribunal."

Martínez Sánchez, en el centro del lado izquierdo de este último vehículo, mientras corría en dirección de este a este [sic], por la Calle Bloque M-56 del Reparto Metropolitano, resultando el auto Chevrolet con daños estimados en $700.00 y el auto Oldsmobile sufrió daños estimados en $200.00. Resultaron heridos en el accidente Mirna Looner Martínez, Josefina Martínez, Roig Pérez, Julio César Rosa, quienes resultaron con laceraciones y heridas leves, de las que fueron curados en el Hosp. Municipal de Río Piedras."

Llamado el caso por infringir la Sec. 5-801—conducir un vehículo de motor bajo los efectos del alcohol—invocó la defensa de exposición anterior. La fundó en que en el caso por infracción a la Sec. 5-201 se presentó prueba de que conducía el vehículo en estado de embriaguez. Alega que esa circunstancia fue esencial en el delito por el cual ya había sido juzgado, y que por tanto no podía juzgársele nuevamente por el mismo acto.

■ La Constitución de Puerto Rico en la Sec. 11 de la Carta de Derechos estatuye que "[n]adie será puesto en riesgo de ser castigado dos veces por el mismo delito". En *Pueblo* v. *Rivera Ramos,* 88 D.P.R. 612 (1963) consideramos una fase del problema que plantea la aplicación de esta disposición constitucional.([2]) Aquí la cuestión es distinta a la que allí consideramos. El acusado tiene un accidente de automóvil y su conducta infringe dos disposiciones de la Ley de Vehículos y Tránsito. La Sec. 5-201 que castiga el conducir un vehículo atolondradamente y como consecuencia de ello se le causa daño a una persona. La Sec. 5-801 castiga el conducir un vehículo de motor bajo los efectos de bebidas alcohólicas. El hecho de que el descuido y atolondramiento en el manejo del vehículo se debiera al estado de embriaguez, no lo con-

---

([2]) En *Rivera Ramos* consideramos si la convicción por un delito menor comprendido dentro de un delito mayor constituía un impedimento para procesar por el delito mayor.

vierte en el delito de conducir un automóvil bajo los efectos de bebidas alcohólicas. Son dos delitos distintos. Requerían elementos distintos de prueba.

■ El Tribunal Supremo de los Estados Unidos en *Blockburger* v. *United States*, 284 U.S. 299 (1932) considerando una situación similar, aunque en relación con otros delitos, expone la norma a seguir para aplicar la disposición constitucional que impide que una persona sea puesta en riesgo de ser castigada dos veces por el mismo delito:

"La regla aplicable es que cuando el mismo acto o transacción constituye una violación a dos disposiciones estatutarias, el criterio a aplicarse para determinar si hay dos delitos o tan sólo uno, es el de si cada disposición requiere prueba de algún hecho que la otra no requiera. *Gavieres* v. *United States*, 220 U.S. 338, 342, y autoridades allí citadas. En ese caso este tribunal citó y adoptó el lenguaje del Tribunal Supremo de Massachusetts en *Morey* v. *Commonwealth*, 108 Mass. 433: 'Un acto puede constituir una violación de dos estatutos; y si cada uno requiere prueba de un hecho adicional que el otro no requiere, la absolución o convicción bajo cualquiera de ellos no libera al acusado del procesamiento y condena bajo el otro."

■ En la situación de hecho que presenta este caso la infracción a la Sec. 5-201 requiere una prueba distinta a la necesaria en el caso por infringir la Sec. 5-801. En el segundo el caso quedaba establecido con meramente probar que el acusado conducía el vehículo bajo los efectos de bebidas alcohólicas. En el primero se requería que lo hubiera conducido atolondradamente y que le hubiera ocasionado daño a alguna persona.

■ En *City of Akron* v. *Kline*, 135 N.E.2d 265 (Ohio 1956) presenta una situación de hechos como la del caso de autos y se resolvió que el haber sido convicto por guiar atolondradamente no impedía que se juzgara por conducir en estado de embriaguez.

*Se confirmará la sentencia apelada dictada por el Tribunal Superior, Sala de San Juan, en 17 de enero de 1966.*

El Juez Presidente Señor Negrón Fernández no intervino.