EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* JOSÉ LÓPEZ VERA, acusado y apelante.

*Número:* M-72-28     *Resuelto:* 16 de enero de 1973

*Félix A. Toro, Jr.,* abogado del apelante; *Gilberto Gierbolini, Procurador General, J. F. Rodríguez Rivera, Procurador General Interino,* y *Cándita R. Orlandi, Procuradora General Auxiliar,* abogados de El Pueblo.

PER CURIAM: Debemos resolver si en un caso en que el apelante, mientras conducía su automóvil chocó con otro en una calle de Adjuntas, puede ser denunciado por manejar dicho vehículo en estado de embriaguez (Art. 5-801, Ley de Vehículos y Tránsito—9 L.P.R.A. sec. 1041) y, además, denunciado por conducir el vehículo de manera descuidada, atolondrada y negligentemente (Art. 5-201, Ley de Vehículos y Tránsito—9 L.P.R.A. sec. 871). Concluimos que puede ser denunciado por ambas infracciones por los fundamentos que expusimos en *Pueblo* v. *González Rivera,* 94 D.P.R. 686 (1967), pues no procede aplicar a las circunstancias de este caso la norma que adoptamos en *González* v. *Tribunal Superior,* 100 D.P.R. 136 (1971.)

Basamos nuestra determinación en *González,* en el de *People* v. *Bauer,* 461 P.2d 637 (1970), resuelto por el Tribunal Supremo de California. Sin embargo, ese mismo tribunal resolvió el caso de *In re Hayes,* 75 Cal. Reptr. 790 (1969) al cual se hace una mera referencia en *Bauer* y no se distingue ni se modifica o revoca y, por lo tanto, es la norma prevaleciente en California al considerar simultáneas violaciones a

las leyes de tránsito resultantes de un solo acto o curso de conducta a la luz de lo dispuesto en la Sec. 654 del Código Penal de California que es equivalente al Art. 44 del Código Penal de Puerto Rico (33 L.P.R.A. sec. 90).

En *In re Hayes*, supra, el Tribunal Supremo de California resolvió que la imposición de sentencias por conducir mientras la licencia de conducir ha sido suspendida y por conducir en estado de embriaguez no es contrario al estatuto que prohibe la imposición de castigos múltiples por un solo acto u omisión criminal. Dijo el tribunal que el acto común en los delitos en este caso, el mero acto de conducir un vehículo de motor, no es punible por estatuto alguno; que "El enfoque apropiado, por lo tanto, es aislar los varios actos criminales envueltos y entonces examinar sólo aquellos actos a los fines de identidad. En este caso los dos actos criminales son (1) conducir con una licencia suspendida y (2) conducir en estado de embriaguez; dichos actos no son en sentido alguno idénticos o equivalentes. El peticionario no está siendo castigado dos veces—porque no puede ser castigado en forma alguna—por el 'acto de conducir'. Está siendo castigado una vez por conducir con una licencia inválida y una vez por su acto independiente de conducir en estado de embriaguez. . . . Además, no debemos confundir simultaneidad con identidad. . . . En resumen, pues, la Sección 654 del Código Penal prohibe los castigos múltiples por un solo acto u omisión punible bajo distintos estatutos, es decir, un solo acto u omisión criminal. Como el mero acto de guiar no es punible bajo ningún estatuto, no es el tipo de acto u omisión a que se refiere la Sección 654. Los actos punibles realizados por este peticionario fueron (1) conducir con una licencia suspendida y (2) conducir en estado de embriaguez, dos actos criminales separados y distintos; el hecho que se realizaran simultáneamente y que compartan en común el acto neutral de conducir, que no es de naturaleza criminal, no hace que el castigo del peticionario por ambos delitos esté en conflicto con la Sección 654 del Código Penal."

El tribunal, en *In re Hayes,* desaprobó la conclusión contraria a que llegó, bajo circunstancias similares, el Tribunal de Apelaciones para el Cuarto Distrito de ese estado, en *People* v. *Morris,* 47 Cal. Reptr. 253 (1965).

En casos de violación simultáneas de leyes de tránsito repetidamente se ha utilizado la prueba (*test*) de "la misma evidencia", es decir, "la prueba de la evidencia requerida", el alcance preciso de la cual lo expusimos en *González Rivera,* supra. Es la norma prevaleciente. *State* v. *Jackson,* 248 So.2d 663 (Fla. Ct. App. 3 1971); *State* v. *Elliot,* 488 P.2d 1189 (Ore. Ct. App. 1971); *McMillan.* v. *State,* 468 S.W.2d 444 (Texas Ct. Crim. App. 1971); *Estes* v. *Commonwealth,* 181 S.E.2d 622 (V. Ct. App. 1971); *State* v. *Sawyer,* 180 S.E.2d 387 (N.C. Ct. App. 1971); *Martínez* v. *People,* 484 P.2d 792 (Col. 1971); *State* v. *Currie,* 197 A.2d 678 (N.J. 1964); *United States* v. *De Mauras,* 441 F.2d 1304 (8th Cir. 1971); *Contra-Upchurch* v. *State,* 184 N.W.2d 607 (Minn. 1971).

▪ En consonancia con *Elliott,* supra, una convicción de manejar en estado de embriaguez no requiere una determinación de que se manejaba descuidada, atolondrada y negligentemente. A *contrario sensu,* el conducir en esta última forma no necesariamente implica o requiere una determinación de que se conducía el vehículo en estado de embriaguez.

En vista de lo expuesto, *debe confirmarse la sentencia dictada en este caso por el Tribunal Superior, Sala de Ponce, en 31 de agosto de 1971.*

El Juez Asociado Señor Dávila concurre en el resultado.