# 95 DTA 211

## TRIBUNAL DE CIRCUITO DE APELACIONES
## CIRCUITO REGIONAL DE SAN JUAN, PANEL IV

PUEBLO DE PUERTO RICO
Apelado

v.

JOSE E. CORDERO LANZAR
Apelante

Crim. Núm. T94-103

San Juan, Puerto Rico, a 30 de junio de 1995

Panel integrado por su presidenta, Juez Alfonso de Cumpiano
y los jueces Broco Oliveras y Miranda De Hostos

Broco Oliveras, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

Se apela de una sentencia dictada el 24 de enero de 1994 por el Tribunal de Primera Instancia, Subsección de Distrito, Sala de San Juan. En esta sentencia, el tribunal encontró culpable al apelante de violar la sección 5-201 (imprudencia o negligencia temeraria) de La Ley de Vehículos y Tránsito de Puerto Rico █ y le impuso una multa de $300.00.

Se trata de una sentencia de la que se recurre en apelación con anterioridad a la vigencia de la Ley de la Judicatura de Puerto Rico de 1994 y que se encontraba ante la consideración del Tribunal Superior en su competencia apelativa a la fecha en que entró en vigor la Ley de la Judicatura de 1994.

De acuerdo a la Orden Administrativa XIII, el caso debía referirse ante nuestra consideración y tramitarse bajo la Ley vigente al momento en que comenzó a decursar el término para recurrir en alzada. Regla 4 de las Reglas de Transición del Tribunal de Circuito de Apelaciones.

### I

El apelante alega que el tribunal cometió tres errores:

*"1. Erró el tribunal al dictar una sentencia por una alegada violación de la sección 5-201 de la Ley de Vehículos y Tránsito de Puerto Rico, sin que existiera prueba alguna de que la alegada violación que se le imputa al compareciente fuese la causa legal del accidente.*

*2. Erró el tribunal al admitir prueba de referencia debidamente objetada por el compareciente, y que sirvió de fundamento a la referida sentencia.*

*3. Erró el tribunal al dictar una sentencia fundamentada en una prueba del Ministerio Público inconsistente con su propio testimonio e inherentemente increíble, sin que se probaran los elementos del delito más allá de duda razonable."*

Basándose en la alegada comisión de estos errores, el apelante nos solicita que revoquemos la sentencia dictada y devolvamos el caso al Tribunal de Primera Instancia para la celebración de un nuevo juicio.

## II

Los hechos del caso, según surge de la Exposición Narrativa, son los que narramos en lo sucesivo. El día 30 de noviembre de 1995 ocurrió un accidente de automóviles en la Avenida Baldorioty de Castro, cerca de la Calle Las Flores. Según la declaración de los testigos, el apelante conducía una guagua de U.P.S. por el carril del centro de la Avenida Baldorioty de Castro. El apelante iba zigzagueando tratando de cambiar de carril a cada momento, sin lograrlo. Comenzó a zigzaguear en la cuadra que queda entre la Avenida de los Gobernadores y la luz (semáforo) del Burger King. Continúa el apelante zigzagueando en el trecho entre el Burger King y el Supermercado Grande. Luego cambia de carril haciendo un corte e invadiendo el carril izquierdo por el que transitaba el Sr. Jorge Jiménez. Una vez dentro del carril izquierdo el apelante frenó *"de cantazo"*; el automóvil que le seguía (conducido por el Sr. Jorge Jiménez) redujo la velocidad y al momento impactaron la parte posterior de su automóvil (el de Jorge Jiménez). Quien impactó su automóvil fue otro de los testigos (Sr. Otoniel Rivera), quien a su vez también fue impactado por el automóvil de otro de los testigos (Sr. Gerardo Cabanillas), quien transitaba detrás de él. La guagua conducida por el apelante no recibió ningún impacto.

## III

En cuanto al primer planteamiento de error, el apelante fundamenta su alegación en que el vehículo conducido por él no impactó ni fue impactado por ninguno de los automóviles involucrados en el accidente, por lo que alega que no fue él quien inició o causó la cadena de impactos.

Basándose en ello, alega que quien inició el choque en cadena fue el Sr. Gerardo Cabanillas, el conductor del vehículo de motor que estaba al final de la cadena de impactos y quien impactó al automóvil que le precedía.

No tiene razón el apelante en cuanto a este planteamiento. El Tribunal de Primera Instancia tenía base suficiente en la prueba presentada para encontrar culpable del delito imputado al apelante. La sección 5-201 de la Ley de Vehículos de Motor y Tránsito, 9 L.P.R.A. sec. 871, tipifica como delito menos grave conducir un vehículo de motor con voluntario o malicioso menosprecio por la seguridad de personas o propiedades, en cuyo caso, puede ser hallado culpable de conducir temerariamente.

Como regla general nadie puede ser responsabilizado criminalmente por una acción u omisión que ha sido tipificada como delito a no ser que la misma se realice con intención o negligencia criminal▮ El artículo 15 del Código Penal de Puerto Rico,▮ define la intención criminal de dos modos:

*"(a) Cuando el resultado ha sido previsto y querido por la persona como consecuencia de su acción u omisión; o*

*(b) Cuando el resultado sin ser querido ha sido previsto o pudo ser previsto por la persona como consecuencia natural o probable de su acción u omisión. "*

Por otro lado, el Art. 16 del Código Pena▮ responsabiliza criminalmente a quienes por negligencia producen un resultado delictuoso sin quererlo, por imprudencia o descuido, o falta de circunspección o impericia o por inobservancia de la ley.

La intención es un elemento mental, por lo tanto, en ausencia de manifestaciones del

imputado que reflejen su estado anímico, el ministerio público sólo puede establecerla con prueba de todas las circunstancias relacionadas con la comisión del delito y de la conducta del imputado. *Pueblo v. Flores Betancourt,* ___ D.P.R. ___ (1989), **89 J.T.S. 99.**

En los casos en que se imputa la comisión del delito estatuido en la sec. 5-201 de la Ley de Vehículos y Tránsito, se requiere prueba de que el imputado conducía atolondradamente o que mediante el manejo negligente hubiera ocasionado daño a alguna persona. *Pueblo v. González Rivera,* 102 D.P.R. 589 (1974).

Al interpretar la conducta obervada por un conductor de vehículo de motor, a la luz de la citada sec. 5-201, nuestro Tribunal Supremo ha expresado que el conductor que por su conducta crea un peligro para los que transitan por las vías públicas, no puede negar que tuvo la intención de producir daños a cualquier persona y sus propiedades, aunque no la tuviera para un individuo en particular. *Rodríguez Rolón v. Tribunal Superior,* 91 D.P.R. 840 (1965).

La sec. 5-201 *"[t]ipifica como conducción temeraria, el manejo atolondrado, la falta del debido cuidado y circunspección, la manera de conducir que ponga o pueda poner en peligro las vidas o propiedades y el manejo negligente que cause daño a otra persona". Rodríguez Rolón v. Tribunal Superior, supra.*

Como vemos, la sec. 5-201 no requiere que el imputado choque alguno de los vehículos o impacte a alguna persona. Una convicción bajo este estatuto requiere una determinación **de que se manejaba descuidada, atolondrada y negligentemente,** *Pueblo v. López Vera,* 101 D.P.R. 37, 40 (1973), o que mediante el manejo negligente hubiera ocasionado daño a alguna persona. *Pueblo v. González Rivera,* 102 D.P.R. 589 (1974).

El segundo planteamiento de error se dirige contra la admisibilidad de la declaración del policía Roberto Doelter. Alega el apelante que se trata de prueba de referencia ya que éste declaró sobre lo que le dijeron los conductores que estaban presentes en el lugar del accidente. También objeta que declarara que de acuerdo con su investigación, el vehículo que dio el corte fue el del apelante, por alegadamente ser una conclusión y prueba de referencia.

Es doctrina firmemente establecida en Puerto Rico, que la comisión de un error no perjudicial no será motivo para revocar sentencia o decisión alguna. *"El criterio para determinar si un error en materia de evidencia acarrea la revocación es determinar si, de no haberse cometido el error, probablemente el resultado hubiera sido diferente". Pueblo v. Mangual Hernández,* 111 D.P.R. 136 (1981). La Regla 4 de las Reglas de Evidencia de Puerto Rico dispone que no se dejará sin efecto una determinación de admisión de evidencia ni se revocará sentencia o decisión alguna por motivo de admisión errónea de evidencia a menos que se hubiera objetado oportuna y correctamente y el tribunal apelativo entienda que tal admisión fue un factor decisivo o sustancial en la sentencia o decisión cuya revocación se solicita. Una vez demostrado por la parte afectada, por la errónea admisión de evidencia ante el tribunal *a quo,* que efectivamente interpuso oportuna y correcta objeción a la misma, el tribunal apelativo tendrá entonces el deber de determinar si la admisión errónea de dicha evidencia fue factor decisivo o sustancial en la sentencia o decisión cuya revocación se solicita. *Pueblo v. Ruiz Bosch,* ___ D.P.R. ___ (1991), **91 J.T.S. 7.**

La declaración del agente y su admisibilidad en corte, no constituyeron error perjudicial que amerite que se anule el juicio anterior. La declaración del agente Doelter constituía prueba acumulativa, ya que otros testigos habían declarado que el apelante fue quien dió el corte al cambiar de carril. Si eliminamos en su totalidad el testimonio del agente Doelter, el remanente del récord cuenta con prueba suficiente para sostener la decisión del Tribunal.

En cuanto al tercer planteamiento de error, alega que el tribunal fundamentó su sentencia

en prueba del Ministerio Público inconsistente con su propio testimonio e inherentemente increíble, sin que se probaran los elementos del delito más allá de duda razonable. Alega en apoyo de su planteamiento que de la Exposición Narrativa de la Prueba no surge que el apelante hubiese actuado con imprudencia, temeridad, falta de circunspección, impericia, descuido negligente o que hubiera violado una ley.

Al analizar los primeros dos errores alegadamente cometidos discutimos los elementos a probar por el Ministerio Público cuando se imputa la violación a la sec. 5-201 ya citada. Dijimos que es suficiente una determinación de que se manejaba descuidada, atolondrada y negligentemente, *Pueblo v. López Vera, supra;* y ésta ha sido efectivamente la determinación que hizo el tribunal *a quo.* El tribunal se basó en la prueba presentada ante él. Dos de los testigos declararon que vieron al apelante conducir la guagua zigzagueando y que frenó repentinamente al dar un corte hacia el carril izquierdo. Del examen de la totalidad del récord no se desprende que los testimonios sean inconsistentes entre sí sobre ningún aspecto esencial. La prueba presentada ante el Tribunal de Primera Instancia fue suficiente para establecer la comisión del delito más allá de toda duda razonable. Las declaraciones de los testigos no fueron inverosímiles ni establecen una situación de hechos que sea físicamente imposible, por lo que no intervendremos con la apreciación y adjudicación de credibilidad que de la prueba testifical hizo el juzgador de los hechos en instancia. *Pueblo v. Méndez Lozada,* 120 .P.R. 815, 820 (1988).

## IV

Por las razones antes expuestas, se confirma la sentencia apelada.

Lo acordó y manda el Tribunal y lo certifica la Secretaria General.

María de la C. González Cruz
Secretaria General

### ESCOLIOS 95 DTA 211

**1.** Ley Núm. 141 de 20 de julio de 1960; 9 L.P.R.A. sec. 871.

**2.** Art. 14 del Código Penal de Puerto Rico, 33 L.P.R.A. sec. 3061.

**3.** 33 L.P.R.A. sec. 3062.

**4.** 33 L.P.R.A. sec. 3063.