Pesante Martínez, Juez Ponente
TEXTO COMPLETO DE LA SENTENCIA
I
Celebrado el juicio de los casos de epígrafe en el anterior Tribunal de Distrito de Caguas, el apelante fue encontrado culpable de infringir las secciones 5-801 y 5-1120 de la Ley Núm. 141 de 30 de mayo de 1973, según enmendada, (Ley de Vehículos y Tránsito de Puerto Rico) y de violar el artículo 258 del Código Penal.
No conforme con el fallo y la sentencia interpuso el presente recurso de apelación. Luego de varios trámites procesales la prueba desfilada ante el Tribunal de Instancia quedó recogida en una transcripción.
De ella se desprende que como testigos de cargo declararon:
*1253 "a) El policía Raúl Inchausty Vélez. Este declaró que el 17 de enero de 1992 aproximadamente a las 12:00 de la media noche iba en compañía del Sargento Ismael Ramos por la Carretera 172 jurisdicción de Cidra. El sargento conducía un vehículo oficial marrón debidamente identificado como de la Policía de Puerto Rico con biombo y sirena. Que se percataron de un vehículo Volvo cuyo conductor cambiaba "...de carril constantemente, lo que se llama 'zigzag' " Que dicho vehículo por poco impacta a uno o dos vehículos, razón por la cual pensaron que representaba un peligro para la seguridad de vidas y propiedades y decidieron detenerlo. El conductor del Volvo era el apelante.
Declaró el testigo que procedió a tocar constantemente la sirena a lo que el conductor "... hizo caso omiso... y no se detuvo" Que optaron por perseguirlo. Que pidió ayuda por la radio a una patrulla del Distrito de Cayey. Que la persecución duró aproximadamente de dos a cinco minutos. Que la patrulla de Cayey, rotulada y con biombo, se atravesó en una intersección para que el vehículo Volvo no pudiera proseguir pero éste prosiguió la marcha. Que en ese momento escuchó "..dos detonaciones, de armas de fuego, entonces le digo al sargento Ramos: "Se fue, siguió". Atestó que ni él ni el sargento utilizaron sus armas. La persecución continuó hasta que el vehículo "...se detiene y entra a una casa". Al proceder a su arresto el apelante reaccionó agresivo," haciendo (sic) forcejeo, que no se dejaba arrestar", y profiriendo palabras obscenas contra ellos. Finalmente logran arrestarlo y lo llevaron al cuartel de la policía donde inicialmente rehusó a que le practicasen la prueba de aliento. Tal prueba alegadamente era procedente, pues según el entender de la policía, éste expedía un fuerte olor a licor y por su comportamiento errático. Posteriormente y luego de conversar con su abogada accedió a someterse a la prueba de aliento y arrojó 15% de alcohol en la sangre. El resultado de la prueba fue estipulado por las partes en el juicio.

b)El Sargento Ismael Ramos Collazo. Su testimonio corroboró enteramente el testimonio del Policía Inchausty Vélez. Añadió que al momento de decidir detener al conductor del Volvo pensaron además, que el vehículo podría ser producto de un robo. "

Concluido el desfile de prueba del Ministerio Fiscal la defensa presentó la suya. La misma consistió en los testimonios de:

"a) El Padre Efraín Zabala. Las partes estipularon que del Padre Efraín declarar, declararía que el apelante es una buena persona y que goza de una intachable reputación en la comunidad.

b) El apelante Ismael Rosario Rosario. Este declaró que la noche de los hechos había estado compartiendo en un bar con unos amigos e ingirió aproximadamente ocho tragos. Que al salir del bar percibió que un jeep con las luces largas lo perseguía. El conducía su vehículo Volvo. No se percató que era la policía pues aunque oyó una sirena, el "jeep" no tenía el biombo encendido. Que tiempo después, en una intersección, se percató que había una patrulla de la policía debidamente rotulada y con el biombo encendido. Se dispuso a detenerse pero oyó unas detonaciones, temió por su vida y procedió a acelerar la marcha hasta su residencia. Allí los policías intentaron ponerlo bajo arresto, lo trataron bruscamente por lo que él se puso "trinco". El apelante aceptó haber proferido palabras obscenas a los policías.

c) Sra. Ana Fernández, esposa del apelante. Esta declaró que al momento que los policías intentaban arrestar al apelante éste se puso "trinco". Que su esposo profirió palabras obscenas debido a que se encontraba nervioso por lo acontecido .En su testimonio surgieron interrogantes sobre la identificación del "jeep" que perseguía a su esposo. No obstante, quedó establecido que era un vehículo oficial de la policía; identificado en las puertas.

d) Srta. Anny Issy Pimentel. Declaró ser vecina del apelante y haber estado cerca del lugar donde le arrestaron. Brindó en su testimonio énfasis en el hecho de que uno de los vehículos que perseguía al apelante no tenía biombo..admitió estar extremadamente nerviosa y la posibilidad de que su estado anímico le hubiese impedido percatarse de que el vehículo era de la policía.

e) Sr. Pedro Juan Morales Colón, aunque conoce al apelante no mantiene una relación de amistad con éste. Declaró que la noche de los hechos discurría en su vehículo por la Carretera Núm. 1 y que al proponerse a virar hacia la izquierda escuchó una sirena, vió una patrulla de la policía con el biombo encendido y decidió estacionarse en un garaje contiguo para evitar que su carro fuese *1254 impactado por la patrulla, observó que dicha patrulla se atravesó en el camino, haciendo una especie de "barricada". Vio cuando el policía que conducía la patrulla se bajó de la misma con su arma en la mano. Continuó declarando que observó cuando se acercó el Volvo color blanco. En esos momentos no reconoció a su conductor. Detrás del Volvo venía un jeep de la policía. ",.[P]or la claridad se ve que era un jeep de la policía". No obstante, no tenía (el jeep) el biombo encendido. Dijo haber visto el Volvo detenerse en la intersección y entonces escuchó tres detonaciones. Que luego el Volvo aceleró la marcha y las patrullas lo persiguieron."
II
Una vez finalizó la prueba de defensa, las partes brindaron sus respectivos informes al Tribunal. Este pronunció los fallos condenatorios y procedió a sentenciar al apelante.
El artículo 258 del Código Penal, 33 L P.R.A. see. 4493, tipifica el delito de resistencia u obstrucción a la autoridad pública. Este delito penaliza a toda persona que voluntariamente resista, obstruya, demore o estorbe a cualquier funcionario o empleado público en el cumplimiento o al tratar de cumplir alguna de las obligaciones de su cargo.
Respecto a este delito se ha resuelto que es necesario que el funcionario o empleado público que esté cumpliendo con su deber lo haga dentro del ámbito del mismo y de manera lícita, de lo contrario la resistencia resultaría justificada. Pueblo v. Ortiz Díaz, 123 D.P.R. 865 (1989).
El Ministerio Público descargó su responsabilidad de probar más allá de duda razonable cada uno de los elementos del delito.
La prueba presentada y creída por el Tribunal de Instancia apuntó en esa dirección.
III
La sección 5-801 de la Ley de Vehículos y Tránsito dispone:
"(a) Será ilegal que cualquier persona bajo los efectos de bebidas embriagantes conduzca o haga funcionar cualquier vehículo de motor..." 9 L.P.R.A. sec. 1041(a).
En cuanto al por ciento de alcohol en la sangre, la propia ley señala:

"(b)...

(2) Si al momento del análisis había en la sangre del conductor diez (10) centésimas, de uno (1) por ciento, o más, de alcohol, por volumen, se presumirá que el conductor estaba bajo los efectos de bebidas embriagantes al tiempo de cometer la alegada infracción." 9 L.P.R.A sec. 1041(b)(2).
La jurisprudencia interpretativa de esta sección 1041 nos ha dicho que este delito queda establecido con meramente probar que el acusado conducía un vehículo de motor bajo los efectos de bebidas embriagantes, Pueblo v. González Rivera, 94 D.P.R. 686 (1967). Este mismo caso nos dice que, sería suficiente para establecer el estado de embriaguez —además del análisis químico de la sangre— prueba de que éste se encontraba en estado de atolondramiento u olía a licor.
En el caso ante nos, se le practicó una prueba de alcohol al apelante la cual arrojó un resultado de 15% de alcohol en la sangre. La misma fue estipulada.
IV
La sección 5-1120 de la Ley de Vehículos y Tránsito en cuanto a lo que nos compete dispone:
"(a) Todo conductor de vehículos deberá detenerse inmediatamente cuando un agente del orden público se lo requiere..." 9 L.P.R.A. sec. 1152(a).
Sobre este particular, el apelante adujo no detenerse ya que el vehículo que lo seguía no estaba rotulado y no tenía biombo encendido. Sin embargo, y a este respecto hubo testimonios conflictivos ya que ambos agentes declararon que el vehículo tenía biombo y que lo encendieron durante la *1255 persecución. Además, los agentes declararon que el vehículo estaba rotulado, que ambos estaban uniformados y activaron la sirena. Estos testimonios fueron creídos por el juzgador y resultaron suficientes para evidenciar que el aquí apelante infringió la mencionada sección al no detenerse ante las señales de alto que le emitió la policía.
Y
El que un juez haya determinado como probada o no la culpabilidad de un acusado más allá de duda razonable y fundada, es un juicio revisable en apelación como cuestión de derecho. Pueblo v. Miranda Ortiz, 117 D.P.R. 188 (1986). Sin embargo, esta determinación que hace el juzgador de instancia goza de gran deferencia por los tribunales apelativos. Pueblo v. Pellot Pérez, 121 D P.R 791 (1988).
La norma que le otorga deferencia al juicio del juez de instancia encuentra su base en la oportunidad superior que tiene este juzgador para aquilatar la prueba testifical. Es el juzgador de instancia quien oye y ve a los testigos, quien está en contacto directo con la prueba. Tiene el elemento visual presente para juzgar cabalmente, pudo estar alerta a las circunstancias que se desarrollaban coetáneas al testimonio (expresiones, movimiento, vocabulario...) del testigo. En consecuencia, no se encuentra limitado a "...la letra muda de las actas...". Ortiz v. Cruz Pabón, 103 D.P.R. 939, 947 (1975). Véase además, Pueblo v. Cabán Torres, 117 D.P.R. 654(986).
No bastaría con que el Ministerio Fiscal presente prueba sobre todos los elementos del delito sino que se requiera que sea suficiente en derecho, "... es decir, que produzca certeza o convicción moral en una conciencia exenta de preocupaciones o en un ánimo no prevenido Pueblo v. Carrasquillo, 102 D.P.R. 545, 552 (1974).
La apreciación de la prueba que hace el juzgador de los hechos es una cuestión mixta de hechos y derecho. En el análisis de la prueba presentada el juzgador de los hechos debe aplicar su conocimiento del derecho, para así lograr la más justa solución del problema que ante él es planteado. Pueblo v. Cabán Torres, 117 D.P.R. 645, 652-655 (1986) citado en, Pueblo v. Rivero, Lugo v. Almodóvar, 121 D.P.R. 454, 471473. Véase además, Pueblo v. Carrasquillo Carrasquillo, supra.
Al tenor con lo anterior y en reiteradas ocasiones nuestro Tribunal Supremo ha dicho que en ausencia de error manifiesto, prejuicio, parcialidad o pasión, no hay fundamento en derecho que nos permita intervenir con el fallo de Instancia. Pueblo v. Pellot Pérez, 121 D.P.R. 791 (1988). De así hacerlo estaríamos usurpándole sus funciones adjudicativas. Morán Simó v. Gracia Cristóbal, 106 D.P.R. 155 (1927).
Nos encontramos ante un caso donde el apelante nos cuestiona la apreciación de la prueba del juzgador de instancia.
Los testimonios y la prueba presentada han coincidido en que el apelante se resistió al arresto y estaba bajo los efectos del alcohol. Por otra aparte, hay testimonios conflictivos en cuanto a la identificación del vehículo policial que inició la persecución. No obstante, el juzgador de instancia optó por adjudicarle credibilidad a los testimonios de los agentes que indicaban que éstos al proceder estaban debidamente identificados al igual que su vehículo. No se desprende del expediente indicio alguno de error manifiesto, prejuicio, pasión o parcialidad. Por tanto, habremos de respetar el juicio que hiciera el Tribunal a quo.
Por todo lo antes expuesto, confirmamos la sentencia emitida por el Tribunal de Instancia en cuanto halló culpable al apelante de las infracciones a las secciones 5-801 y 5-1120 de la Ley de Vehículos y Tránsito y de violar el Artículo 258 del Código Penal de Puerto Rico.
Lo acordó el Tribunal y lo certifica la Secretaria General.
Notifíquese por la vía ordinaria.
María de la C. González Cruz
Secretaria General
*1256 ESCOLIOS 95 DTA 319
1. Transcripción de Evidencia, pág. 1A.
2. Ibid, pág. 16.
3. Ibid, pág. 17.
4. Ibid, pág. 18.
5. Ibid.
6. Ibid, pág. 72.